UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

      Plaintiff,

-vs-                                        Case No. 8:07-cv-1976-T-24-MAP

PIERRE A. MAROUN ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Motions to Dismiss the Complaint for failure to state a claim, filed by Defendants Pierre A. Maroun and Hala Fakhre Maroun (Doc. No. 28) and Defendant Maroun's International, LLC (Doc. No. 40.). Plaintiff has filed Responses in opposition. (Doc. Nos. 44, 50.)

## INTRODUCTION

Plaintiff, Edward T. Saadi, filed suit against Defendants for posting negative statements about him on Internet blogs[1] and forums,[2] and for otherwise harassing him. In his three-count Second Amended Complaint, Plaintiff asserts claims for (1) libel, (2) intentional infliction of emotional distress, and (3) injunctive relief. Defendants move to dismiss the Complaint in its entirety. (Doc. Nos. 28, 40.) Defendants argue that: (1) the published statements were

---

[1]Blogs are on-line diary postings, allowing the authors—or, "bloggers"—to post their comments for viewing by other Internet users.

[2]Forums are on-line discussion sites that allow viewers to read and respond to each other's postings.

opinions and therefore are not actionable,[3] (2) Plaintiff cannot establish Defendants' authorship of the negative statements, (3) Defendants' conduct was not so extreme or outrageous as to constitute intentional infliction of emotional distress, and (4) the allegations of intentional infliction of emotional distress are too broad to be answered.  (Id.)  In the alternative to Defendants' Motion to dismiss Plaintiff's intentional infliction of emotional distress claim, Defendants Pierre A. Maroun and Hala Fakhre Maroun move for a more definite statement of the allegations on which the intentional infliction of emotional distress claim is based. (Doc. No. 28, p. 1.)

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

---

[3]Defendants also claim that one of the postings cited by Plaintiff is not actionable, because the posting is a public court record prepared by Plaintiff. The Court does not review this defense, as Plaintiff denies basing his libel claim on the publication of the court document. Rather, he "included the republication of the [First Amended Complaint] in Exhibit 'G' merely to demonstrate . . . the remaining [allegedly-defamatory] content" in the Exhibit. (Doc. No. 50, p. 13, n. 4.)

at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**BACKGROUND**

Plaintiff is a lawyer practicing in Ohio. (2d. Am. Compl., p. 5.) He is of Lebanese descent and draws over half of his clientele from the Lebanese-American community. (Pl.'s decl., p. 2.) Approximately two years ago, Defendants Pierre A. Maroun and Hala Fakhre Maroun began posting comments about Plaintiff on the Internet, using the screenname "Losers," as well as other possible aliases. (2d. Am. Compl., p. 1.) Although Plaintiff does not directly allege that postings were made by Defendant Maroun's International, LLC, Plaintiff claims that Defendant Maroun's International, LLC is an alter ego of Defendant Pierre A. Maroun, established for the purpose of evading liability in the present action. (Id., p. 4.)

Defendants' postings appear on a blog, located at http://biggestloosers.blogspot.com, which declares "OUR STORIES ARE TRUE" (Pl.'s Ex. B), and on two forums entitled "Lebanese Forces Official Forum"—located at www.lebforces.org (Pl.'s Ex. C)—and "President Bachir Gemayel Official Forum"—located at www.bachirgemayel.org (Pl.'s Ex.

D). The latter two sites, in part, encourage discussion of the political events in Lebanon. (Doc. No. 40, p. 8.) Defendants' postings about Plaintiff include statements that Plaintiff:

(1) is a "stalker," is "mentally unstable," and "claims to have a law degree but never worked or tried a case" (Pl.'s Ex. A);

(2) received a car from Former Prime Minster of Lebanon Michael Aoun, paid for with money stolen by Prime Minister Aoun from the Lebanese people, facts which Defendants claim were confirmed "after some thorough investigations" (Pl.'s Exs. B, D, E);

(3) has a girlfriend who recently turned 18, "so it's legal now" (Pl.'s Ex. C); and

(4) is a "criminal," a "traitor," a failure at his career, and connected to Hezbollah (Pl.'s Ex. G).

In addition to these postings, Defendant Pierre A. Maroun has threatened Plaintiff and his 75 year-old father, both verbally and in writing. (2d. Am. Compl., pp. 10–11.) As a result of Defendants' behavior, Plaintiff alleges that his reputation and business have suffered, and he has experienced emotional distress. (Id.)

## DISCUSSION

### 1. Nature of the Speech

In a suit for defamation, a private plaintiff must allege (1) publication of false statements about the plaintiff that "expose[ ] [him] to distrust, hatred, contempt, ridicule or obloquy or which cause [him] to be avoided, or which [have] a tendency to injure [him] in his office, occupation, business or employment," Cooper v. Miami Herald, 31 So. 2d 382, 384

(Fla. 1947); (2) done without reasonable care as to the truth or falsity of those statements; and (3) that result in damage to that person. Hay v. Independent Newspapers, Inc., 450 So. 2d 293, 294–95 (Fla 2d DCA 1984). Libel is "the publication of defamatory matter by written or printed words." Rapp v. Jews for Jesus, Inc., 944 So. 2d 460, 465 (Fla. 4th DCA 2006) (quoting Restatement (Second) of Torts § 568 (1) (1965)).

### A. *Expressions of Opinion*

Although expressions of opinion cannot constitute defamation, statements that mix fact and opinion do not enjoy the same absolute protection. Johnson v. Clark, 484 F.Supp. 2d 1242, 1247 (M.D. Fla. 2007). A statement purports to be fact if, rather than commenting on information available to the reader, it implies the existence of undisclosed defamatory facts as its basis. Id. If a statement mixes opinion and fact, it is defamatory if its reasonable interpretation, in context, is defamatory. Rapp, 944 So. 2d at 466–67. The Court decides, as a question of law, whether a statement is one of opinion, fact, or both, and whether the statement is "susceptible [to] defamatory interpretation." Johnson, 484 F. Supp. 2d at 1247.

Here, Defendants claim that the Internet postings cited by Plaintiff are not actionable because they are merely expressions of opinion. (Doc. No. 28, pp. 8–9; Doc. No. 40, pp. 7–8.) However, statements that Plaintiff is a mentally unstable stalker, a criminal, and that he has received gifts paid for with money stolen from the Lebanese government, as well as statements that suggest that Plaintiff falsely purports to have a law degree and has committed statutory rape, imply factual knowledge. They are not merely subjective characterizations of publically-available information. Defendants, at times, even combined the statements with claims that the information was the result of "thorough investigation," and posted them on sites

that proclaim "OUR STORIES ARE TRUE." (Pl.'s Ex. B.) Certainly the postings and context in which they were made suggest that the information is based on facts showing that Plaintiff is involved in criminal, immoral, and unprofessional behavior. Thus, the statements assert facts that can reasonably be construed as defamatory.

### B. *Political Speech*

Defendants further claim immunity for their speech, because it is posted on sites designed to foment discussion of political issues. (Doc. No. 28, pp. 9–10; Doc. No. 40, pp. 8–9.) Political speech and debate about public questions are protected fiercely in the American ethos. Gibson v. Maloney, 231 So. 2d 823, 825–26 (Fla. 1970). Such comments are protected when made in good faith. Abraham v. Baldwin, 52 Fla. 151, 156 (1906). However, political sites are not asylums for gratuitous libel. To allow people to post libel freely on any site that coins itself "political" would be to allow landscapes of political discourse to shelter, or rather, incubate, libel. Political surroundings do not, by themselves, transform otherwise-libelous speech into political commentary, nor do they shield such speech from legal action.

The statements levied against Plaintiff were made primarily about his personal and professional life and were, for the most part, entirely unrelated to matters of public concern. Further, Plaintiff alleges that these comments were made maliciously, and therefore would not fall within "fair comment" protection, even if they were made about matters of public concern. Thus, posting the comments on politically-related sites does not immunize the postings from suit.

C.  *Location of Postings*

Finally, Defendants suggest that because the postings were not made on sites targeting citizens of Ohio or persons seeking legal counsel, the postings are not actionable.  (Doc. No. 28, pp. 10–11; Doc. No. 40, pp. 9–10.)  Defendants' argument is inapposite.   The test for libel is not whether statements are published in a location meant solely to do professional damage to Plaintiff, but whether the statements cause harm.  The postings here are on sites that target the Lebanese-American community, of which Plaintiff is a member, and Plaintiff draws more than half of his clientele from that community.  (Pl.'s decl., p. 2.)  Further, Plaintiff claims that he has suffered damage to his reputation, loss of business, and emotional distress as a result of the postings.  (2d. Am. Compl., p. 9–10.) The location of Defendants' postings does not, therefore, belie Plaintiff's defamation claim.

2.  Attribution to Defendants

In order to state a claim against a particular defendant, the pleadings must allege that the defendant committed a wrongful act or omission.  To state a cause of action against a corporation being used wrongly in order to limit the liability of its constituent, "it is sufficient [that the Complaint] allege the latter to be the alter ego or agent of the parent."  Vantage View v. Bali E. Dev. Corp., 421 So. 2d 728, 733 (Fla. 4th DCA 1982).

Plaintiff alleges numerous and specific defamatory postings by Pierre A. Maroun and Hala Fakhre Maroun under the alias "Losers."  (2d. Am. Compl.)  This is sufficient to attribute wrongful action to these defendants.  Plaintiff further alleges that Maroun's International, LLC is merely a fraudulently-created alter ego or mere instrumentality of Defendant Pierre A. Maroun, being used to evade liability in the present lawsuit. (Id., p. 4.)  Accordingly, Plaintiff

claims that Maroun's International, LLC should be held responsible for Defendant Pierre A. Maroun's criminal actions. (Id.) This claim is sufficient to meet the requirements for stating a cause of action against the corporation. Thus, Plaintiff has sufficiently stated a cause of action against these three Defendants.

### 3.  Extreme and Outrageous Behavior

To establish a claim for intentional infliction of emotional distress, Plaintiff must allege "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Rapp, 944 So. 2d at 466 (quotation omitted). There are only "a very limited set of cases in which courts [have] recognized conduct as sufficiently egregious to support a claim of [intentional infliction of emotional distress]." Crenshaw ex. rel. United States v. DeGayner, 2008 U.S. Dist. LEXIS 50932, at *67–68 (M.D. Fla., June 13, 2008). Threats are nearly never enough to state a claim of intentional infliction of emotional distress unless the threats are explicit and extreme. See Crenshaw ex. rel. United States, 2008 U.S. Dist. LEXIS 50932, at *70 ("some level of physical contact or severely threatening behavior is typically required to state a claim for intentional infliction of emotional distress"); Koutsouradis v. Delta Airlines, Inc., 427 F.3d 1339, 1344–45 (11th Cir. 2005) ("mere insults and indignities do not support a claim for the tort of [intentional infliction of emotional distress]"); Nims v. Harrison, 768 So. 2d 1198, 1201 (Fla. 1st DCA 2000) (finding that Plaintiff stated a claim for intentional infliction of emotional distress based on threats to kill her and rape her children). Whether

behavior meets the severe standard required to establish a claim for intentional infliction of emotional distress is question of law. Rapp, 944 So. 2d at 466.

Here, Plaintiff alleges that over the course of two years, Defendants posted statements that Plaintiff acted immorally, illegally, and unprofessionally. Although such behavior might be distasteful and offensive, these "insults and indignities" do not meet the extreme standard of approbation required for an intentional infliction of emotional distress claim. See Koutsouradis, 427 F.3d at 1344–45. Because these are the only facts alleged against Defendant Hala Fakhre Maroun as the basis for Plaintiff's intentional infliction of emotional distress claim against him, Defendants' Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress against Hala Fakhre Maroun is GRANTED.

### 4. Specificity of the Allegations

Claims for intentional infliction of emotional distress must allege the ultimate facts that the Court can use to determine whether the claim can be sustained. See Liberty Mutual Ins. Co. V. Steadman, 968 So. 2d 592, 595 (Fla. 3d DCA 2007) (finding that, while the plaintiff's complaint alleged all of the elements of a claim for intentional infliction of emotional distress, the pleaded facts were insufficient to meet the standard required to show sufficiently extreme and outrageous conduct); Baker v. Florida Nat'l. Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990) ("It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.") (quotation omitted). Courts only recognize threats as sufficient to establish a claim of intentional infliction

of emotional distress when they are explicit and egregious, as in <u>Nims</u>, in which the plaintiff was threatened with murder and the rape of her family.

In addition to the alleged defamation and "character assassination" discussed *supra*, Plaintiff accuses Pierre A. Maroun of "bullying, intimidation, and menacing" as well as making "written and verbal threats of physical violence against [Plaintiff] and his 75-year-old father." (Doc. No. 50, p. 18.) Defendants request clarification of these allegations. (Doc. No. 28, p. 15.) Because of the high standard required to state a claim for intentional infliction of emotional distress, the vague reference to verbal threats is insufficient to allow Plaintiff's intentional infliction of emotional distress claim to go forward. Therefore, the Court will dismiss Plaintiff's claim of intentional infliction of emotional distress without prejudice and give him leave to file an amended complaint to provide greater specificity as to the threats upon which the intentional infliction of emotional distress claim is based.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART**.

    (1)    With respect to Plaintiff's claim for defamation (Count I) against Defendants Pierre A. Maroun, Hala Fakhre Maroun, and Maroun International, LLC, Defendants' Motions are **DENIED**.

    (2)    With respect to Plaintiff's claim for intentional infliction of emotional distress (Count II) against Hala Fakhre Maroun, Defendants' Motion (Doc. No. 28) is

    **GRANTED**. The claim of intentional infliction of emotional distress against Hala Fakhre Maroun is **DISMISSED** for failure to state a claim.

(3) With respect to the Motions to dismiss or to provide a more definitive statement of Plaintiff's intentional infliction of emotional distress claim against Pierre A. Maroun and Maroun's International, LLC, (Count II) (Doc. Nos. 28 & 40), Defendants' Motions are **GRANTED**. The Court dismisses the claim without prejudice and grants Plaintiff leave to amend his Complaint in order to specify the nature of the threats allegedly made by Defendant Pierre A. Maroun and his alter ego, Maroun's International, LLC, on which Plaintiff's claim of intentional infliction of emotional distress is based. Plaintiff is directed to file a third amended complaint that complies with this order by September 22, 2008.

(4) Because Defendants base their Motions to dismiss Plaintiff's claim for injunctive relief (Count III) on the ground that Plaintiff's libel claim fails, these Motions are also **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of September, 2008.

                   *Susan C. Bucklew*
                   SUSAN C. BUCKLEW
                   United States District Judge

Copies to: All Parties and Counsel of Record.