**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| EDWARD T. SAADI,         ) | CASE NO.:  07-CV-1976-SCB-MAP |
|         ) | |
|         Plaintiff,        ) | Judge Susan Bucklew |
|         ) | Magistrate Judge Pizzo |
| v.         ) | |
|         ) | **MOTION UNDER F.R.C.P. 56(f) FOR AN** |
| PIERRE A. MAROUN, et al.,        ) | **ENLARGEMENT OF TIME TO OPPOSE** |
|         ) | **DEFENDANTS' MOTIONS FOR** |
|         Defendants        ) | **SUMMARY JUDGMENT** |

**MOTION UNDER F.R.C.P. 56(f) FOR AN ENLARGEMENT OF TIME TO OPPOSE
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff EDWARD T. SAADI and, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, hereby moves this court for an Order enlarging his time to oppose Defendants' *Motions for Summary Judgment*. In support of this motion, Plaintiff states as follows:

1.  On March 2, 2009, Defendants Pierre Maroun and Maroun's International, LLC each filed a separate *Motion for Summary Judgment* [*Documents #99 & #101*].

2.  Local Rule 3.01(b), read in conjunction with F.R.C.P. 6(a)(2) and 6(d), sets the Plaintiff's deadline to oppose said *Motions for Summary Judgment* at March 19, 2009.

3.  There remain several outstanding discovery issues in this case, specifically:

    **i.**  Two subpoenas issued by Plaintiff from the Southern District of Florida to non-parties Bright House Networks, LLC ("BHN") and Joseph Hage remain unanswered. These subpoenas were issued and served well in advance of the February 27, 2009 discovery cut-off date, and commanded production of certain documents in advance of that date. Neither BHN nor Hage complied with said subpoenas; therefore, the Plaintiff was forced to file, in the Southern District

1

of Florida, a **Motion to Compel Compliance with Subpoenas to Bright House Networks, LLC and Joseph Hage**. *Saadi Declaration*, ¶¶2-3. On or about March 6, 2009, Defendant Pierre A. Maroun ("Maroun") opposed said **Motion to Compel Compliance with Subpoenas**. *Saadi Declaration*, ¶4. Yesterday, March 16, 2009, Plaintiff's counsel filed a **Reply in Support of Motion to Compel Compliance with Subpoenas**. *Saadi Declaration*, ¶5. The Southern District of Florida has not yet ruled on the Motion. The documents subpoenaed from BHN and Hage will be invaluable to Plaintiff in opposing the Defendants' **Motions for Summary Judgment**. The subpoena to BHN, for example, requests documents which pertain directly to pinpointing the source of several of the libelous Internet postings at issue in this case—indeed, that is precisely why Maroun has opposed enforcement of the BHN subpoena. *Saadi Declaration*, ¶¶6-7.

  **ii.** Two subpoenas issued by Plaintiff from this District to non-parties Soho 1 Cigar & Tobacco, LLC and Professional Engineering, Inc. likewise remain unanswered. These subpoenas were issued and served well in advance of the February 27, 2009 discovery cut-off date, and commanded production of certain documents in advance of that date. Neither of these non-parties complied with said subpoenas; therefore, the Plaintiff was forced to file, in this District, a **Motion to Compel Compliance with Subpoena to Non-Party Soho 1 Cigar & Tobacco, LLC** [*Document #96*] and a **Motion to Compel Compliance with Subpoena to Non-Party Professional Engineering, Inc.** [*Document #97*]. This Court has not yet ruled on those motions. The documents subpoenaed from these non-parties will be invaluable to Plaintiff in opposing the Defendants' **Motions**

*for Summary Judgment*, as they request documents pertaining directly to pinpointing the source of several libelous Internet postings at issue in this case. *Saadi Declaration*, ¶¶8-10.

    **iii.**    Three subpoenas issued from the Northern District of Ohio to non-parties Antoine Maroun, Maroun's Motors, Inc., and Maroun's Import Specialists, Inc. also remain unanswered. These subpoenas were issued and served well in advance of the February 27, 2009 discovery cut-off date, and commanded production of certain documents in advance of that date. None of these non-parties complied with the subpoenas; therefore, the Plaintiff was forced to file, in the Northern District of Ohio, a ***Motion to Compel Compliance with Subpoenas to Maroun's Motors, Inc., Maroun's Import Specialists, Inc., and Antoine Maroun***. The Northern District of Ohio has not yet ruled on the Plaintiff's ***Motion to Compel Compliance***. The documents subpoenaed from these non-parties may be invaluable to Plaintiff in opposing the Defendants' ***Motions for Summary Judgment***. *Saadi Declaration*, ¶¶11-12.

    **iv.**    On January 22, 2009, the Plaintiff served upon counsel for the Defendants ***Plaintiff's Second Set of Document Production Requests to Defendant Pierre A. Maroun***. Maroun has failed, entirely, to respond to said Requests. The documents requested therein will be invaluable in opposing Plaintiff's ***Motions for Summary Judgment***. *Saadi Declaration*, ¶13.

4.    Pursuant to Local Rule 3.01(g), Plaintiff conferred with Defendants' counsel to ascertain whether any opposition to this motion exists. Correspondence evidencing such conference is attached hereto as Exhibit "A."

3

## **MEMORANDUM IN SUPPORT**

Rule 56(f) of the Federal Rules of Civil Procedure states in relevant part as follows:

> "IF A PARTY OPPOSING THE MOTION [FOR SUMMARY JUDGMENT] SHOWS BY AFFIDAVIT THAT, FOR SPECIFIED REASONS, IT CANNOT PRESENT FACTS ESSENTIAL TO JUSTIFY ITS OPPOSITION, THE COURT MAY…ORDER A CONTINUANCE TO ENABLE AFFIDAVITS TO BE OBTAINED, DEPOSITIONS TO BE TAKEN, OR OTHER DISCOVERY TO BE UNDERTAKEN; OR…ISSUE ANY OTHER JUST ORDER."

In this case, it is the Plaintiff who is the "party opposing the motion."

According to this Rule, if the Plaintiff can show by affidavit that he has not yet obtained key evidence which will be pertinent to his opposition, then it is within the Court's power—and in the interest of justice—to enlarge the Plaintiff's time to oppose so that the Plaintiff can obtain the evidence sought. This is particularly so where (as here) the party opposing the motion is not responsible for the delay in obtaining the sought-after evidence.

The attached *Declaration of Edward T. Saadi* states, in detail, the reasons why the documents requested in the unanswered third-party subpoenas, and the Second Document Requests, will be essential to the Plaintiff's oppositions.[1] *Saadi Declaration*, ¶¶7, 10 & 12. Moreover, the *Declaration* makes clear that the delay in obtaining the evidence sought was not caused by the Plaintiff; rather, it was caused (1) by the third parties' collective failure to comply with the subpoenas, (2) in the case of the subpoena to BHN, by Maroun's baseless opposition to the subpoena, and (3) by Maroun's failure to respond to ***Plaintiff's Second Set of Document Production Request***. *Saadi Declaration*, ¶¶2-13. Moreover, it bears noting that many of the

---

[1] Said reasons are also set forth in paragraphs 4-7 above, which are incorporated into this *Memorandum in Support* by reference as if fully re-stated.

4

third parties who have failed to comply with the subpoenas are either closely associated with—or have a familial relation to—Maroun. *Saadi Declaration*, ¶14.

     WHEREFORE, the Plaintiff respectfully requests that this Court enlarge the Plaintiff's time to respond to the Defendants' ***Motions for Summary Judgment*** to a date 20 days from the date that (1) all of the above-referenced discovery issues are resolved and (2) Plaintiff has received all of the discovery to which he is entitled.

<u>Dated</u>:  March 17, 2009.                        Respectfully Submitted,

                                          *s/ Edward T. Saadi*
                                          Edward T. Saadi, Esq.
                                          970 Windham Court, Suite 7
                                          Boardman, OH  44512
                                          (330) 782-1954; (330) 266-7489 (fax)

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 17, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:
   ___NONE_____.

                                          *s/ Edward T. Saadi*
                                          Edward T. Saadi, Esq.
                                          970 Windham Court, Suite 7
                                          Boardman, OH  44512
                                          (330) 782-1954; (330) 266-7489 (fax)