UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                                                            Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN, et al.,

    Defendants,
_____/

## ORDER

The Court now considers Defendants' Motion in Limine to Exclude from Trial Plaintiff's Experts and Expert Reports. (Doc. 181.) Defendants ask the Court to exclude two of the Plaintiff's expert witnesses and their expert reports.

**A.**     **Dr. Plante's Testimony**

First, Defendants ask the Court to exclude the expert testimony of Dr. Daniel Plante, an associate professor of mathematics and computer science at Stetson University, who will testify about the origin of the Internet postings at issue in this case. Based on his curriculum vitae, Dr. Plante appears to be qualified as an expert in computer science. His testimony should assist the jury in determining who wrote the Internet postings at issue in this case. Although the Court does not possess sufficient computer expertise to know at this point whether Dr. Plante's opinion will satisfy the requirements of Federal Rule of Evidence 702, the Court will not limine out Dr. Plante's testimony. However, Defendants can raise objections at trial.

### B. Mr. Nissenbaum's Testimony

Second, Defendants ask the Court to exclude the testimony of Gary Nissenbaum, a New York attorney who will testify about how the Internet posting damaged Mr. Saadi's professional reputation as an attorney and his standing in the community. Mr. Nissenbaum will also testify about how the Internet posting caused Mr. Saadi personal humiliation.

Mr. Nissenbaum does not appear to have any expertise or personal knowledge to allow him to testify on these subjects. Mr. Nissenbaum is an attorney in the New York and Philadelphia areas who writes about Internet defamation law and serves on the board of trustees of the American Civil Liberties Union of New Jersey. He is not a member of the legal community in Ohio, where Mr. Saadi practices law. Aside from being a member of the Bar, he has no particular expert knowledge about the effect these Internet postings may have had on Mr. Saadi's professional reputation. Mr. Nissenbaum's opinion about whether Mr. Saadi violated the Rules of Professional Conduct is not relevant to the issues that the jury must decide. In addition, Mr. Nissenbaum lacks any personal knowledge of Mr. Saadi's personal humiliation or the damages he may have suffered.

In addition, the subject of Mr. Nissenbaum's testimony does not appear to be the type that would require expert testimony. Therefore, the Court will not permit Mr. Nissenbaum to testify at trial.

### C. Expert Reports

Defendants ask the Court to exclude the expert reports of both Dr. Plante and Mr. Nissenbaum. The Court grants this request. If the experts do not testify, the reports must be excluded as hearsay. If the experts do testify, then the Court finds that their reports would be

duplicative, unnecessary, and given undue weight.

Accordingly, it is ORDERED and ADJUDGED that:

(1) Defendants' motion to exclude the trial testimony of Dr. Daniel Plante is **DENIED**;

(2) Defendants' motion to exclude the trial testimony of Gary Nissenbaum is **GRANTED**;

(3) Defendants motion to exclude the expert reports of both Dr. Daniel Plante and Gary Nissenbaum is **GRANTED.**

**DONE AND ORDERED** at Tampa, Florida, this 17th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record