UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                                                Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN, et al.,

    Defendants,
_____/

## ORDER

The Court now considers Defendants' Motion in Limine to Exclude from Trial the Deposition Testimony of Miroslaw Kukielka and Howard Smukler. (Doc. 179.)

**A.    Howard Smukler's Deposition Testimony**

Plaintiff Edward Saadi intends to offer the deposition testimony of Mr. Howard Smukler, a California lawyer, to prove how the Internet postings at issue in this case defamed and damaged him. (Doc. 189.) However, Mr. Smukler's deposition testimony is barely relevant to Mr. Saadi's claim.

Mr. Smukler testified at his deposition that he dealt with Mr. Saadi on one occasion as an opposing counsel in a trademark matter. After dealing with Mr. Saadi on the matter, Mr. Smukler stumbled across the Internet postings at issue in this case. Mr. Smukler testified that the Internet posting negatively affected his opinion of Mr. Saadi. (Smukler Dep. at 21.) However, it is unlikely that Mr. Smukler would have referred cases to Mr. Saadi in any event. Mr. Smukler testified that he would not likely refer clients with trademark matters to Mr. Saadi

because he already knew trademark lawyers. (Smukler Dep. at 24-25.) While Mr. Smulker said he might refer a client with food or restaurant needs to Mr. Saadi, he said he would tell the client about the Internet postings. (Smolker Dep. at 24-25.) Even so, Mr. Smukler testified that he had not referred cases to Mr. Saadi before. In fact, he had not referred a California case to an out-of-state attorney in his entire legal career. (Smukler Dep. at 28.) Therefore, Mr. Smukler's testimony has little, if any, relevance to the issues in this case.

The Court finds that Mr. Smukler's testimony would waste the Court's and the jury's time. The waste of time substantially outweighs the testimony's marginal value. Thus, the Court will not admit Mr. Smukler's deposition testimony at trial.

**B.      Miroslaw Kukielka's Deposition Testimony**

Mr. Saadi intends to offer the deposition testimony of Miroslaw Kukielka to prove how the Internet postings at issue in this case defamed him and caused him to lose legal business. Unlike Mr. Smukler, Mr. Kukielka testified at his deposition that he considered hiring Mr. Saadi in an actual legal matter, a trademark infringement dispute. (Doc. 179.) However, after Mr. Kukielka read the Internet postings about Mr. Saadi, Mr. Kukielka decided not to hire Mr. Saadi in the matter. (Kukielka Dep. at 32.)

Nevertheless, Mr. Kukielka's testimony is only remotely relevant to the claims in this case. Mr. Kukielka testified that he would have only hired Mr. Saadi on a contingency fee basis and would have only paid $2,000 in costs. (Kukielka Dep. at 21.) Because of the nature of the case, Mr. Saadi can only speculate that he lost income when Mr. Kukielka decided not to hire him. Mr. Kukielka ultimately did not recover any money in the matter—and he ultimately did not hire any lawyer to assist him. (Kukielka Dep. at 29-31.)

Nevertheless, the Court finds that the Rule 403 factors, such as undue delay and confusion, do not substantially outweigh the relevance of Mr. Kukielka's testimony.

However, the relevance of Mr. Kukielka's testimony depends on Mr. Saadi establishing a connection between the Defendants and the Internet postings that Mr. Kukielka relied upon. Therefore, before Mr. Kukielka can testify, Mr. Saadi must offer evidence that Defendants are connected to the Internet postings that Mr. Kukielka read.

Therefore, it is ORDERED and ADJUDGED that:

(1) Defendants' Motion to Exclude from Trial the Deposition Testimony of Howard Smukler is **GRANTED**; and

(2) Defendants' Motion to Exclude from Trial the Deposition Testimony of Miroslaw Kukielka is **DENIED**.

**DONE and ORDERED** at Tampa, Florida, this 18th day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record