UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

     Plaintiff,

v.

Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN, et al.,

     Defendants,

_____/

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in this case.

When I have finished, you will go to the jury room and begin your discussions—what we

call our deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is a proof of a chain of facts and circumstances tending to prove or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

When a party has introduced into evidence certain interrogatories —that is, questions, together with answers signed and sworn to by the other party. The party swearing to its answers is bound by its sworn answers.

By introducing the opposing party's answers to interrogatories, however, a party does not bind himself or herself to the swearing party's answers, and she may challenge them in whole or in part or may offer contrary evidence.

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn-recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason cannot be present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may also believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who is telling the truth? Did the witness have a particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things and remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse in memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

In this case each party asserting a claim or a defense has the responsibility to prove every essential party of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim or contention are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or defense by a preponderance of evidence, you should find against the party making that claim or defense.

Plaintiff Edward Saadi has brought suit against Defendant Pierre Maroun on the basis of defamation. Specifically, Plaintiff contends that the Defendant committed defamation in that he published on the Internet the statements shown in Plaintiff's Exhibits 16, 17, 18, 19, and 20.

Edward Saadi contends that certain actions taken by Pierre Maroun constitute libel. Those actions are that he published on the Internet the statements shown in Plaintiff's Exhibits 16, 17, 18, 19, and 20.

The issues for your determination on the claim of Edward Saadi against Pierre Maroun are as follows:

1. Whether the statements in Plaintiff's Exhibits 16, 17, 18, 19, and 20 identify and pertain to Edward Saadi;

2. Whether the statements have a defamatory effect;

3. Whether the statements in Plaintiff's Exhibits 16, 17, and 18 were published by Pierre Maroun. The Court has already ruled, as a matter of law, that the statements in Plaintiff's Exhibits 19 and 20 were published by Pierre Maroun.

4. Whether Pierre Maroun's actions were a legal cause of injury to Edward Saadi.

I will explain these issues to you in the instructions that follow.

The first issue for your determination is whether the statements in Plaintiff's Exhibits 16, 17, 18, 19, and 20 identify and pertain to Edward Saadi.

To be defamatory to Edward Saadi, a statement must refer to Edward Saadi. That is, the persons to whom the statement is published must have understood that it identifies Edward Saadi or that Edward Saadi is the subject of it. Edward Saadi need not actually be named if the publication, taken in its entirety, contains sufficient facts or references from which Edward Saadi can be identified.

If you determine that a statement does not identify and pertain to Edward Saadi, then your verdict must be for the Defendant.

The next issue for your determination is whether the statements in Plaintiff's Exhibits 16, 17, 18, 19, and 20 have a defamatory effect.

A statement is defamatory if it tends to harm the reputation of another as to lower him or her in estimation of the community or deter third persons from associating or dealing with the defamed party.

If you determine that a statement is not defamatory, then your verdict must be for the Defendant.

The next issue for your determination on the claim of Edward Saadi is whether the statements were actually interpreted as defamatory by the third persons who read them.

To be defamatory, a statement need not tend to prejudice the Plaintiff, Edward Saadi, in the eyes of everyone in the community or of all of his associates, nor even in the eyes of a majority of them. It is enough that the statement would tend to prejudice him in the eyes of a substantial and respectable minority of them, and that the statement is made to one or more of them, or in a manner that makes it proper to assume that the statement will reach them.

If you determine that a statement was not actually interpreted as defamatory by the third persons who read them, then your verdict must be for the Defendant.

The next issue for your determination is whether Pierre Maroun published the statements shown in Plaintiff's Exhibits 16, 17, and 18.

The Court has already ruled, as a matter of law, that Pierre Maroun published the statements in Plaintiff's Exhibits 19 and 20.

In determining this issue, you should consider that the term "statements" refers to a communication by words.

You should also consider that "published" or "publication" means that a third party either saw, read, or heard some or all of the statements shown in Plaintiff's Exhibits 16, 17, 18, 19 and 20. As long as the statement was published to a third party, it need not have been published to the Plaintiff.

If you find that the Defendant did not publish any or all of the statements in Plaintiff's Exhibits 16, 17, and 18 then you should find for the Defendant as to those statements.

If you find that the Defendant did publish the statements, then you should proceed to consider the remaining issues in this claim.

The next issue for your determination is whether Pierre Maroun's actions were a legal cause of injury to Edward Saadi.

A statement is a cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury.

If the preponderance of the evidence does not support the claim of Edward Saadi on the issues I have just mentioned, then your verdict should be for the Defendant Pierre Maroun.

However, if the preponderance of the evidence does support the claim of Edward Saadi on those issues, then you must consider the defense of truth raised by the Defendant Pierre Maroun.

If you determine by a preponderance of evidence that the statements made by Defendant Pierre Maroun are defamatory, then you must consider whether the statements made by Defendant Pierre Maroun were substantially true and were made by Defendant with good motives.

A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the preponderance of the evidence supports this defense, your verdict should be for Pierre Maroun.

If the preponderance of the evidence does not support this defense, and the preponderance of the evidence does support the claim of Edward Saadi on the issues I previously mentioned, then your verdict should be for Edward Saadi.

If you find for Edward Saadi, you shall consider the following elements of damage:

Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past. There is no exact standard for fixing the compensation to be awarded on account of such damage. Any award should be fair and just in light of the evidence.

Any impairment of business, social, religious, or family relationships.

Any aggravation of an existing disease or physical defect resulting from such statements. If you find that there was such an aggravation, you should determine, if you can, what portion of Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the statement, you should consider and make allowance in your verdict for the entire condition.

The reasonable value of medical care and treatment necessarily or reasonably obtained by Plaintiff in the past or to be obtained in the future.

Any earnings lost in the past and any loss of ability to earn money in the future.

Any allowance that you allow in damages for loss of ability to earn money in the future should be reduced to their present money value and only the present money value of such amounts should be included in your verdict.

If you find for Edward Saadi but find that no loss, injury, or damage has been proved, you may award nominal compensatory damages. Nominal compensatory damages are damages of an inconsequential amount that are awarded to vindicate a right where a wrong is established but no damage is proved.

The next issue for your determination is whether the statements in Plaintiff's Exhibits 16, 17, 18, 19, and 20 (1) tend to expose Edward Saadi to hatred, ridicule, or contempt, (2) tend to injure Edward Saadi in his business, reputation, or occupation, or (3) charged that Edward Saadi committed a crime.

If you find by the preponderance of the evidence that the statements do have this effect, then the law conclusively presumes that Edward Saadi suffered damage from publication of the statements and that the Defendant acted with malice.

Therefore, you must find that, by publishing such statements, damage resulted to Edward Saadi and that the Defendant acted with malice.

If you find for Edward Saadi and against Pierre Maroun, you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as a punishment and as a deterrent to others.

If you find that the statements were a matter of public concern, punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement Defendant Pierre Maroun knew the statement was false or had serious doubts as to its truth; and if the preponderance of the evidence shows that the Defendant's primary purpose in making the statements was to indulge in ill will, hostility, and an intent to harm.

If you find that the statements were not a matter of public concern, punitive damages are warranted if you find by the preponderance of evidence that Pierre Maroun acted with malice and that Pierre Maroun's primary purpose in making the statements was to indulge in ill will, hostility, and an intent to harm Edward Saadi.

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should consider the following:

(1)   the nature, extent and degree of misconduct and the related circumstances, including the following:

- whether the wrongful conduct was motivated solely by unreasonable financial gain;
- whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the Defendant;
- whether, at the time of damage, the Defendant had a specific intent to harm Edward Saadi and the conduct of the Defendant did in fact harm Edward Saadi,

(2)   and the Defendant's financial resources.

However, you may not award an amount that would financially destroy the Defendant.

Any punitive damages you assess would be in addition to any compensatory damages you award.  You may in your discretion decline to assess punitive damages.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with other members of the Jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.