UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                        Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN,

    Defendant,
_____/

## VERDICT FORM

**Court's Interrogatories:**

**1. On the matter of Plaintiff's Exhibit 16:**

1(a).    Did the statements in Plaintiff's Exhibit 16 identify and pertain to Edward Saadi?

        Yes __✓__                       No _____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 2. If your answer to this question is Yes, proceed to question 1(b).]*

1(b).    Did the statements in Plaintiff's Exhibit 16 have a defamatory effect on Edward Saadi?

        Yes __✓__                       No _____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 2. If your answer to this question is Yes, proceed to question 1(c).]*

1

1(c). Were the statements in Plaintiff's Exhibit 16 published by Pierre Maroun?

Yes ✓    No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 2. If your answer to this question is Yes, proceed to question 1(d).]*

1(d). Were the statements in Plaintiff's Exhibit 16 the legal cause of injury to Edward Saadi?

Yes ✓    No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 2. If your answer to this question is Yes, proceed to question 1(e).]*

1(e). Were the statements in Plaintiff's Exhibit 16 substantially true and made with good motive?

Yes ___    No ✓

*[If the answer to this question is No, then your verdict is for Plaintiff as to this Exhibit. If the answer to this question is Yes, then your verdict is for Defendant as to this Exhibit. Proceed to question 2.]*

## 2. On the matter of Plaintiff's Exhibit 17:

2(a). Did the statements in Plaintiff's Exhibit 17 identify and pertain to Edward Saadi?

Yes ✓    No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 3. If your answer to this question is Yes, proceed to question 2(b).]*

2(b). Did the statements in Plaintiff's Exhibit 17 have a defamatory effect on Edward Saadi?

Yes ✓   No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 3. If your answer to this question is Yes, proceed to question 2(c).]*

2(c). Were the statements in Plaintiff's Exhibit 17 published by Pierre Maroun?

Yes ✓   No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 3. If your answer to this question is Yes, proceed to question 2(d).]*

2(d). Were the statements in Plaintiff's Exhibit 17 the legal cause of injury to Edward Saadi?

Yes ✓   No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 3. If your answer to this question is Yes, proceed to question 2(e).]*

2(e). Were the statements in Plaintiff's Exhibit 17 substantially true and made with good motive?

Yes ___   No ✓

*[If the answer to this question is No, then your verdict is for Plaintiff as to this Exhibit. If the answer to this question is Yes, then your verdict is for Defendant as to this Exhibit. Proceed to question 3.]*

### 3. On the matter of Plaintiff's Exhibit 18:

3(a). Did the statements in Plaintiff's Exhibit 18 identify and pertain to Edward Saadi?

Yes ✓   No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 4. If your answer to this question is Yes, proceed to question 3(b).]*

3

3(b).   Did the statements in Plaintiff's Exhibit 18 have a defamatory effect on Edward Saadi?

Yes ✓     No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 4. If your answer to this question is Yes, proceed to question 3(c).]*

3(c).   Were the statements in Plaintiff's Exhibit 18 published by Pierre Maroun?

Yes ✓     No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 4. If your answer to this question is Yes, proceed to question 3(d).]*

3(d).   Were the statements in Plaintiff's Exhibit 18 the legal cause of injury to Edward Saadi?

Yes ✓     No ___

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 4. If your answer to this question is Yes, proceed to question 3(e).]*

3(e).   Were the statements in Plaintiff's Exhibit 18 substantially true and made with good motive?

Yes ___     No ✓

*[If the answer to this question is No, then your verdict is for Plaintiff as to this Exhibit. If the answer to this question is Yes, then your verdict is for Defendant as to this Exhibit. Proceed to question 4.]*

4

### 4. On the matter of Plaintiff's Exhibit 19:

4(a). Did the statements in Plaintiff's Exhibit 19 identify and pertain to Edward Saadi?

Yes ✓          No_____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 5. If your answer to this question is Yes, proceed to question 4(b).]*

4(b). Did the statements in Plaintiff's Exhibit 19 have a defamatory effect on Edward Saadi?

Yes ✓          No_____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 5. If your answer to this question is Yes, proceed to 4(c).]*

4(c). The Court has ruled as a matter of law that the statements in Plaintiff's Exhibit 19 were published by Pierre Maroun. Therefore, proceed to question 4(d).

4(d). Were the statements in Plaintiff's Exhibit 19 the legal cause of injury to Edward Saadi?

Yes ✓          No_____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 5. If your answer to this question is Yes, proceed to question 4(e).]*

4(e). Were the statements in Plaintiff's Exhibit 19 substantially true and made with good motive?

Yes_____          No ✓

*[If the answer to this question is No, then your verdict is for Plaintiff as to this Exhibit. If the answer to this question is Yes, then your verdict is for Defendant as to this Exhibit. Proceed to question 5.]*

5

### 5. On the matter of Plaintiff's Exhibit 20:

5(a). Did the statements in Plaintiff's Exhibit 20 identify and pertain to Edward Saadi?

Yes ✓            No _____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 6. If your answer to this question is Yes, proceed to question 5(b).]*

5(b). Did the statements in Plaintiff's Exhibit 20 have a defamatory effect on Edward Saadi?

Yes ✓            No _____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 6. If your answer to this question is Yes, proceed to 5(c).]*

5(c). The Court has ruled as a matter of law that the statements in Plaintiff's Exhibit 20 were published by Pierre Maroun. Therefore, proceed to question 5(d).

5(d). Were the statements in Plaintiff's Exhibit 20 the legal cause of injury to Edward Saadi?

Yes ✓            No _____

*[If the answer to this question is No, then your verdict is for Defendant as to this Exhibit and you must skip to Question 6. If your answer to this question is Yes, proceed to question 5(e).]*

5(e). Were the statements in Plaintiff's Exhibit 20 substantially true and made with good motive?

Yes _____            No ✓

*[If the answer to this question is No, then your verdict is for Plaintiff as to this Exhibit. If the answer to this question is Yes, then your verdict is for Defendant as to this Exhibit. Proceed to question 6.]*

### Verdict as to all of Plaintiff's Exhibits, Nos. 16, 17, 18, 19, and 20:

6. As to the claims relating to Plaintiff's Exhibits, Nos. 16, 17, 18, 19, and 20, we, the jury, find as follows:

   (a) As to Exhibit 16, we find in favor of:

   ✓ Plaintiff Edward Saadi  _____ Defendant Pierre Maroun

   (b) As to Exhibit 17, we find in favor of:

   ✓ Plaintiff Edward Saadi  _____ Defendant Pierre Maroun

   (c) As to Exhibit 18, we find in favor of:

   ✓ Plaintiff Edward Saadi  _____ Defendant Pierre Maroun

   (d) As to Exhibit 19, we find in favor of:

   ✓ Plaintiff Edward Saadi  _____ Defendant Pierre Maroun

   (e) As to Exhibit 20, we find in favor of:

   ✓ Plaintiff Edward Saadi  _____ Defendant Pierre Maroun

7. As to the claims relating to Plaintiff's Exhibits to which we found in Plaintiff's favor in question 6, we find that the amount of compensatory damages, if any, that Plaintiff Edward Saadi should be awarded is:

   (a) for injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings $ 0.00

   (b) for impairment of business, social, religious, or family relationships $ 0.00

   (c) for aggravation of an existing disease or physical defect resulting from such

statements $ 0.00

(d) for reasonable value of medical care and treatment necessarily or reasonably obtained by Plaintiff $ 5,000.00

(e) for earnings lost in the past and any loss of ability to earn money in the future $ 25,000.00

8. If you find that Plaintiff has not established that he suffered actual damages caused by the publication of the statements contained in any Exhibit or Exhibits for which you rendered a verdict in Plaintiff's favor in question 6, then you may award an amount of nominal damages relating to those Exhibit(s). The amount of nominal damages, if any, that Plaintiff Edward Saadi should be awarded is $ 0.00 .

9. As to the claims relating to Plaintiff's Exhibits to which we found in Plaintiff's favor in question 6, we find that the amount of punitive damages, if any, that Plaintiff Edward Saadi should be awarded is $ 60,000.00

SO SAY WE ALL, this 1st day of October 2009.

_____
FOREPERSON