IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EDWARD T. SAADI, an Individual,<br>Plaintiff,<br><br>v.<br><br>PIERRE A. MAROUN, aka "Losers," an individual, HALA FAKHRE MAROUN aka HALA MAROUN aka HALA FAKHRE aka "Losers," an individual, JOHN DOE #3, aka "Bashir4Ever," an individual whose name is presently unknown, JOHN DOE #4, aka "Bush," an individual whose name is presently unknown, JOHN DOE #5, aka "b2a3kafra," an individual whose name is presently unknown, and JOHN DOES #6-12, individuals, corporations, organizations, or other legal entities whose names are presently unknown,<br>Defendants. | Case No.: 8:07-CV-01976-SCB-MAP |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR PERMANENT INJUNCTION**

COMES NOW, the Defendant, Pierre A Maroun, by and through his undersigned counsel and without waiver of any of his pending post trial motions, and files his response in opposition to Plaintiff's Amended Motion for Permanent Injunction, and in support thereof would further state:

1. Plaintiff filed his Amended Motion for Permanent Injunction [Doc. 233] and sent a proposed order to the Judge's chamber via email on October 14, 2009.

2. The Court, at the conclusion of the presentation of evidence at trial, informed Plaintiff that it was the Court's opinion that it could not grant Plaintiff's request for a permanent injunction, and invited Plaintiff to submit a brief on the issue.

3. Instead of filing a brief, Plaintiff filed an Amended Motion for Permanent Injunction, and sent a proposed order to the Judge's chambers, without leave of Court.

4. In support of his Motion, Plaintiff cites to only Universal Communications Systems, Inc. v. Dembovich et. al., a non binding, unpublished, Florida Eleventh Judicial Circuit case in which a permanent injunction was issued.

5. The Universal Communications case is completely distinguishable from the case at bar, as it involves a default judgment where the Defendants did not appear and the Plaintiff was allowed a "free hand" in crafting the order granting the final judgment and injunction.

6. Plaintiff is not entitled to a permanent injunction in this case as the jury's verdict, should it stand, has already awarded him damages, both personally and for earnings lost in the past and any loss of ability to earn money in the future. [Doc. 225 ¶7(a-e)]

7. When this Court informed Plaintiff that it would not issue an injunction, the Court provided Plaintiff with several Florida cases supporting the Court's interpretation of the law. In his Motion, Plaintiff attempts to distinguish the cases cited by the Court, however, Plaintiff fails to cite to any binding precedent that would allow this Court to issue the permanent injunction.

8. Plaintiff states that there is a "dearth of precedent" in Florida, and chooses instead to rely on "the leading treatise on defamation law," The Restatement of Torts, and a plethora of non Florida cases, including the English Court of Common Pleas circa 1878, none of which are binding on this Court, and some of which cannot even be considered persuasive law.

9. In his Motion, Plaintiff argues that his personal damages are greater than the zero figures awarded by the jury and attempts to bolster his business damages using unfounded speculation and Howard Smukler's deposition testimony, which was excluded from the trial and not in evidence.

10. An injunction is an extraordinary remedy which should only be used when there is no adequate remedy at law. In this case, Plaintiff has taken his case to trial, was awarded damages, and has received the appropriate remedy under Florida law for his claims.

11. Defendant incorporates the following memorandum of law as if fully set forth herein.

WHEREFORE, Defendant Pierre A. Maroun respectfully requests that this Honorable Court Deny Plaintiff's Amended Motion for a Permanent Injunction or in the alternative, Strike Plaintiff's Amended Motion for Permanent Injunction, and for whatever further relief this Court deems just and proper.

**MEMORANDUM OF LAW**

Plaintiff seeks to enter a permanent injunction prohibiting Pierre A. Maroun from republishing any of the anonymous statements introduced at trial, ordering Mr. Maroun to remove two articles from www.alcc-research.org, and further enjoining Mr. Maroun from ever republishing said articles on www.alcc-research.org or anywhere else. Throughout the trial, Pierre Maroun denied publishing the anonymous statements; however the jury found that Pierre Maroun published the anonymous statements. Pursuant to the case law cited by Plaintiff, when the verdict is returned "in the form of answers to specific interrogatories... The trial court may regard such a verdict as it sees fit, is not bound by the findings, and is free to adopt them in whole or in part or totally disregard them." Wynn Oil Co. v. Purolator Chemical Corp., 536 F.2d 84, 86 (5th Cir. 1976). Therefore, even though the jury found that Pierre Maroun published the anonymous statements, and that all of the statements were defamatory, this Court may disregard those findings in part or in whole.

Florida case law is clear, "[I]njunctive relief is unavailable to redress a past harm… or to restrain an actual defamation…" Rodriguez v. Ram Systems, Inc., 466 So.2d 412 (Fla. 3rd DCA, 1985). Furthermore, in Florida, "A party seeking an injunction under general Florida case law must demonstrate: 1) irreparable harm; 2) a clear legal right; 3) an inadequate remedy at law; 4) consideration of the public interest." Hiles v. Auto Bahn Federation, 498 So.2d 997 (Fla. 4th DCA, 1986). In this case, Plaintiff is unable to show any of the required elements. The harm of the defamation has been resolved by the jury's monetary award. The Plaintiff has no clear legal right to stop Pierre Maroun from expressing his political opinions on his political website. There is an adequate remedy at law, in the form of monetary damages awarded by the jury to the Plaintiff. Plaintiff does not take into account the public interest in free political discourse on Lebanese politics, which is what www.alcc-research.com is dedicated to, as testified to by Joseph Hage and Pierre Maroun.

Plaintiff argues that his damages are ongoing, yet was able to produce no evidence of any past, present, or future personal damages at trial, and as a result was given a zero damage award on all personal damages categories. Plaintiff argues that his business damages are ongoing, yet, other than the testimony of Mr. Kukielka, Plaintiff introduced no other evidence of past, present, or future business damages. Plaintiff cannot point this Court to any specific ongoing damages, choosing instead to rely strictly on speculation and excluded testimony as the basis of the permanent injunction.

This case proceeded to jury verdict, and the Plaintiff was awarded damages in three categories: Medical expenses, earnings lost in the past and any loss of ability to earn money in the future, and punitive damages. Therefore, Plaintiff's damages, that the jury believed were compensable, have been addressed. The unpublished Universal Communications case cited by

Plaintiff, out of Miami-Dade County, is not an example of a properly issued injunction. In that case, the Defendants did not file any responsive pleadings, nor did they appear at the motion for default judgment and the Plaintiff won a default judgment. As part of the motion for default judgment, Plaintiff asked for and received a permanent injunction against the Defendants. There is no way to ascertain whether the court in that unpublished case granted the injunction because the Plaintiff had no adequate remedy at law, or because the Defendants in that case failed to challenge any aspect of the case.

The only case discussing permanent injunctions post trial that Plaintiff can cite to is the California Supreme Court Case Balboa Island Village Inn, Inc. v. Lemen, 40 Cal 4th 1141 (2007). However, that case is factually different than this case and is based on California state defamation law which has no relation to Florida defamation law. Plaintiff also cites to two treatises and a plethora of out of state court decisions, none which are not binding on this Court, and admits that there is a "dearth of precedent" in Florida. The Wynn Oil case, cited by Plaintiff, held that "[g]enerally, slander affords a remedy at law with entitlement to a jury. If however, an action at law would not be complete, prompt and efficient remedy, an injunction may issue." Id. 536 F.2d at 86. In this case, as Plaintiff points out, his claim of defamation has been ongoing for more than three and a half years. However, Plaintiff was only able to show the jury he had $25,000 for both past and future business damages, and $5,000 in medical expenses. Even more importantly, the jury awarded Plaintiff $60,000 in punitive damages, which is an adequate deterrent against Pierre Maroun. The jury's verdict was a complete, prompt and efficient remedy and therefore no injunction need issue. No further action is necessary by this Court.

Pierre Maroun respectfully requests that the Court uphold its own ruling at trial, and deny Plaintiff's Amended Motion for Permanent Injunction or strike Plaintiff's Amended Motion for Permanent Injunction and Proposed Order.

Dated this 27th day of October, 2009.

Respectfully submitted by,

/s Lior Segal

Jill Schuh, Esquire (FBN: 36453)
Lior Segal, Esquire (FBN: 37837)
SEGAL & SCHUH LAW GROUP, P.L.
13575 58th Street North, Suite 140
Clearwater, Florida 33760
Tel: 727-824-5775 / Fax: 888-672-7347
Jill@segalschuh.com
Lee@segalschuh.com
*Attorneys for Defendants Pierre Maroun*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the court but not sent by mail to opposing counsel.

/s Lior Segal

Jill Schuh, Esquire (FBN: 36453)
Lior Segal, Esquire (FBN: 37837)
SEGAL & SCHUH LAW GROUP, P.L.
13575 58th Street North, Suite 140
Clearwater, Florida 33760
Tel: 727-824-5775 / Fax: 888-672-7347
Jill@segalschuh.com/Lee@segalschuh.com

Mark E. Pena, Esquire (FBN: 006254)
LAW OFFICE OF MARK E. PENA, P.A.
334 South Hyde Park Avenue, 2d Floor
Tampa, Florida 33606
Tel: 813-251-1289 / Fax: 813-258-1810
Lpena001@tampabay.rr.com

*Attorneys for Defendants Pierre Maroun*