IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

       Plaintiff,                                    Case No.: 8:07-cv-01976-T-24-MAP

v.

PIERRE A. MAROUN,

       Defendant.
_____/

## ORDER

This cause comes before the Court on the Amended Motion for Permanent Injunction filed by the Plaintiff Edward T. Saadi ("Saadi"). (Doc. 233). Defendant Pierre A. Maroun ("Maroun") opposes the motion. (Doc. 239).

## BACKGROUND

Plaintiff Saadi filed suit against Defendant Maroun for posting alleged defamatory statements about him on internet blogs and forums.[1] This case was heard by jury trial on September 29, 2009 through October 1, 2009. The jury returned a verdict in favor of Saadi and against Maroun on all counts of the defamation claim. (Doc. 225). Specifically, the jury found that the statements contained in Trial Exhibits 16, 17, 18, 19, and 20 identify and pertain to Saadi, that these statements had a defamatory effect on Saadi, that all such statements were published by Maroun, that all such statements were the legal cause of injury to Saadi, and that all

---

[1]Plaintiff also alleged intentional infliction of emotional distress claims, and brought both claims against Maroun's International, LLC in addition to Defendant Maroun. At trial, the Court granted Defendants' motion for judgment as a matter of law with regard to the intentional infliction of emotional distress claim as to both Maroun and Maroun's International, LLC, and also granted the renewed motion for judgment as a matter of law with regard to the defamation claim as to Maroun's International, LLC. (Doc. 218, 219).

such statements were false and not made with good motive. (Doc. 225). The jury awarded Saadi monetary damages, consisting of $5,000 for medical care and treatment, $25,000 for lost earnings in the past and loss of ability to earn in the future, and $60,000 in punitive damages. Thereafter, the Court entered Judgment against Maroun and in favor of Saadi on the claim of defamation. (Doc. 230).

Saadi now moves for a permanent injunction requiring Maroun to (1) permanently remove from the Internet the websites shown in Trial Exhibits 19 and 20, and (2) permanently refrain from repeating, reposting, republishing, or disseminating any of the statements shown in Trial Exhibits 16, 17, 18, 19, and 20.

## ANALYSIS

Saadi argues that after proving Maroun's statements are false and defamatory, and were made without good motive, he is entitled to a permanent injunction requiring Maroun to remove all such statements from the Internet, and forbidding him from repeating, republishing, or disseminating these statements in the future. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court . . ." *Ebay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Thus, the Court has discretion in determining whether or not to grant the requested equitable relief. In making its determination on the equitable claim, the Court is bound by the factual findings of the jury verdict—the findings that the statements contained in Trial Exhibits 16, 17, 18, 19, and 20 are false and defamatory. *See BUC Int'l Corp. V. Int'l Yacht Council Limited*, 489 F.3d 1129, 1151 (11th Cir. 2007) (stating that "[i]t is well settled that where claims at law and in equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding on the trial court

2

in its determination of the equitable claims").

Under Florida law, it is a well established rule that "[i]n the absence of some other independent ground for invoking equitable jurisdiction, equity will not enjoin either actual or threatened defamation." *Weiss v. Weiss*, 5 So. 3d 758, 758 (Fla. 5th DCA 2009); *see also Demby v. English*, 667 So. 2d 350, 355 (Fla. 1st DCA 1996); *Rodriguez v. Ram Systems, Inc.*, 466 So. 2d 412, 412 (Fla. 3d DCA 1985); *United Sanitation Services of Hillsborough, Inc. v. City of Tampa*, 302 So. 2d 435, 439 (Fla. 2d DCA 1974); *Murphy v. Daytona Beach Humane Society, Inc.*, 176 So. 2d 922, 924 (Fla. 1st DCA 1965). While Florida case law has not specifically identified what type of "independent grounds" are sufficient to invoke equitable jurisdiction in a defamation case, this Court finds the reasoning of the former Fifth Circuit persuasive–that if "an action at law would not be a complete, prompt and efficient remedy, an injunction may issue." *Wynn Oil Co. v. Purolator Chemical Corp.*, 536 F.2d 84, 86 (5th Cir. 1976).

With respect to obtaining permanent injunctions generally, courts have held that a party must show: "(1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief." *Alabama v. U.S. Army Corps of Engineers*, 424 F. 3d 1117, 1128 (11th Cir. 2005) (citation omitted); *see also Liberty Counsel v. Fla. Bar Bd. of Governors*, 12 So. 3d 183, 186, n. 7 (Fla. 2009) (citations omitted). The Court will address each of these factors in determining whether to exercise its discretion in this case.

In the instant case, it is clear that the first element for obtaining a permanent injunction is satisfied with respect to the prior postings. The jury has determined that the statements at issue

3

are false and defamatory and that those statements caused Saadi injury. Therefore, it is without dispute that Saadi has prevailed in establishing a violation of a legal right. (Doc. 225). Thus, the Court is left to determine whether Saadi has shown that the monetary award is an inadequate remedy at law and that irreparable injury will occur if injunctive relief is not granted.

Saadi argues that absent the entry of a permanent injunction, he will suffer serious and irreparable harm and injury, including continuing damage to his reputation and loss of business. Saadi points to the repetitive and continuing nature of Maroun's defamatory statements as support and states that the defamatory statements contained in Trial Exhibits 19 and 20 remain posted on the Internet to date. Saadi further argues that a permanent injunction is the only adequate available remedy to prevent continuing and irreparable injury.

Upon review, the Court finds Saadi's argument to be persuasive with respect to the statements made in Trial Exhibits 19 and 20 under the facts of this case. While the Court believes that, generally, injunctive relief is not appropriate to deter future defamation or libel, in the instant case, such relief appears both appropriate and necessary.

This case has gone to trial, and the jury has determined that Maroun made certain defamatory statements about Saadi. However, while it appears that Maroun has taken down the internet postings that were reflected in Trial Exhibits 16, 17, and 18, it appears that the postings reflected in Trial Exhibits 19 and 20 remain.[2]

Generally, a judgment provides a strong incentive for a defendant to remove any of his statements that the jury has found to be defamatory, because the continued existence of the

---

[2]Those postings are located at: http://www.alcc-research.com/news_articles/Aoun_VS_Maroun.html and http://www.alcc-research.com/news_articles/LebanonReliefInc.html.

4

statements would expose the defendant to further, likely successful, legal action to be taken against him. However, in the instant case, the judgment does not appear to have this effect, and as a result, some of the defamatory statements remain. Therefore, the judgment is not providing Saadi with a complete remedy, and as such, an injunction is appropriate.

The Court finds that the California Supreme Court case, *Balboa Island Village Inn, Inc. v. Lemen*, 156 P.3d 339 (Cal. 2007), while not binding, is particularly insightful on this issue. In *Balboa*, the jury found that the defendant defamed the plaintiff, and thereafter, the court issued an injunction against the defendant from repeating the defamatory statements. *See id.* at 342. In determining that such an injunction is permissible, the court distinguished between an injunction preventing someone from making a statement that is allegedly defamatory from an injunction preventing someone from repeating or republishing a statement that a jury has already found to be defamatory. *See id.* at 344-45.

The *Balboa* court rejected the argument that the only remedy for defamation is an action for damages, because that "would mean that a defendant harmed by a continuing pattern of defamation would be required to bring a succession of lawsuits if an award of damages was insufficient to deter the defendant from continuing the . . . behavior." *Id.* at 351. Thus, the court recognized that "a judgment for money damages will not always give the plaintiff effective relief from a continuing pattern of defamation." *Id.* at 351. Therefore, the court held that "following a trial at which it is determined that the defendant defamed the plaintiff, the court may issue an injunction prohibiting the defendant from repeating the statements determined to be defamatory." *Id.* at 349. However, the court noted that the injunction needed to be limited to prohibiting the defendant from repeating or republishing the statements found to be defamatory.

5

*See id.* at 352.

Accordingly, this Court finds that the jury verdict and judgment have not given Saadi complete relief, since the defamatory statements in Trial Exhibits 19 and 20 remain. Therefore, the Court finds that Maroun should be enjoined from continued or repeated publishing of the statements contained in Trial Exhibits 19 and 20 that were found by the jury to be defamatory. However, the scope of the injunction must be limited to those statements.

## CONCLUSION

Accordingly, it is ORDERED and ADJUDGED that Plaintiff's Amended Motion for Permanent Injunction (Doc. 233) is **GRANTED TO THE EXTENT THAT** Maroun is directed to remove all references to Edward T. Saadi from the internet postings that are reflected in Trial Exhibits 19 and 20. Furthermore, Maroun is enjoined from republishing in any manner any statement that Edward T. Saadi is a terrorist. Otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of November, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: All Parties & Counsel of Record