UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                                                  Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN,
MAROUN'S INTERNATIONAL, LLC,

    Defendants.
_____/

## **ORDER**

        The Court now considers a motion by Defendant Maroun's International, LCC for attorney's fees and costs (Doc. 246), which Plaintiff Edward Saadi opposed (Doc. 253), a motion by Saadi for attorney's fees and costs (Doc. 243), which neither Defendant Pierre Maroun nor Maroun's International, LLC opposed, and Saadi's motion to review and vacate the bill of costs entered by the Clerk in favor of Defendant Maroun's International, LLC. (Doc. 240.)

        The three motions for attorney's fees and costs followed a three-day trial in which the jury found that Defendant Pierre Maroun had committed defamation under Florida law against Saadi and returned a verdict for Saadi in the amount of $90,000 in damages. The Court directed the Clerk to enter a judgment against Pierre Maroun.

        At the close of evidence, the Court entered a judgment as a matter of law, pursuant to Rule 50, in favor of Defendant Maroun's International, LLC. The Court found that Saadi had not offered evidence by which a reasonable jury could find Maroun's International, LLC liable under Florida law for Pierre Maroun's posting of defamatory Internet messages about Saadi.

1

Therefore, the Clerk entered a judgment in favor of Maroun's International, LLC on all counts.

## I. MAROUN'S INTERNATIONAL, LCC IS NOT ENTITLED TO ATTORNEY'S FEES UNDER FLORIDA STATUTE § 45.061 OR § 768.79

After entry of judgment, Maroun's International, LLC moved for attorney's fees pursuant to Florida Statutes § 45.061 and § 768.79, known respectively as Florida's offer of settlement statute and Florida's offer of judgment statute. Because the Court adjudicated these state law claims under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the Court must apply Florida law in determining whether to award attorney's fees. Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1309-10 (11th Cir. 2007).

The Court cannot award Maroun's International, LLC attorney's fees based on Florida Statute § 45.061 because the statute "does not apply to causes of action that accrue after the effective date of [the] act." Fla. Stat. § 45.061(6). Because the statute became effective on October 1, 1990, and this lawsuit did not accrue until November 1, 2007, the statute does not apply to this case. Timmons v. Combs, 608 So. 2d 1, 3 (Fla. 1992).

The repeal of Florida Statute § 45.061 left "section 768.79 as the only statute on the subject [of attorney's fees] for new causes of action." Id. Florida Statute § 768.79 requires that any offer of settlement "[b]e in writing and state that it is being made pursuant to this section." Fla. Stat. § 768.79(2)(a). Maroun's International, LLC's offer of settlement did not satisfy this requirement. The offer of settlement made by Maroun's International, LLC was made "pursuant to § 45.061" and "all other applicable rules and laws." (Doc. 246-2, Ex. A.)

The catch-all reference in Maroun's International, LLC's settlement offer to "all other applicable rules and laws" does not satisfy the requirement that the offer state that "it is being made pursuant to" Florida Statute § 768.79. As the Florida Supreme Court said: "The plain

2

language of the statute provides that an offer *must* state it is being made pursuant to this section. This is a mandatory requirement for this penal, fee-shifting provision. Because the overall subject is in derogation of the common law, all portions must be strictly construed." Campbell v. Goldman, 959 So. 2d 223, 227 (Fla. 2007). Thus, Maroun's International, LLC's citation to the wrong statute and its catch-all citation to "all other applicable rules and laws" is not "'an insignificant technical violation of the rule'" that can be overlooked. Id. at 225 (internal citations omitted).

In Campbell, the Florida Supreme Court found that the attorney's fees provision of Florida Statute § 768.79 did not apply to a settlement offer that failed to cite Florida Statute § 768.79, but instead cited Florida Rule of Civil Procedure 1.442—which mirrors Florida Statute § 768.79. In this case, the citation to a different statute and to "all other applicable rules and laws" is even further removed from Florida Statute § 768.79 than the citation in Campbell to Florida Rule of Civil Procedure 1.442. Thus, because of this defect, Maroun's International, LLC did not make a settlement offer that triggers the attorney's fees provision of Florida Statute § 768.79.

Therefore, the Court denies Maroun's International, LLC's claim for attorney's fees based on Florida Statutes § 768.79 and § 45.061.

## II. EDWARD SAADI IS NOT ENTITLED TO ATTORNEY'S FEES UNDER FLORIDA STATUTE § 45.061

Edward Saadi also sought attorney's fees pursuant to Florida Statute § 45.061. Because Florida Statute § 45.061 "does not apply to causes of action that accrue after" October 1, 1990, and this lawsuit did not accrue until November 1, 2007, the statute does not apply to Saadi's claim for attorney's fees either. Fla. Stat. § 45.061(6); Timmons, 608 So. 2d at 3. Thus, the Court cannot award Saadi attorney's fees under Florida Statute § 45.061.

3

**III. THE BILL OF COSTS TAXED BY THE CLERK SHOULD BE VACATED**

Maroun's International, LLC filed a proposed bill of costs with the Clerk (Doc. 236-3, Ex. B; Docs. 246, 249), and the Clerk taxed the bill of costs in the amount of $1,720.35. (Doc. 238.) Pursuant to Federal Rule of Civil Procedure 54(d)(1), Saadi asked this Court to review and vacate the bill of costs.[1]

Although Saadi informed the Court, pursuant to Local Rule 3.01(g), that Maroun's International LLC did not consent to his motion to vacate the bill of costs, Maroun's International LLC did not file a response opposing Saadi's motion.

When reviewing the Clerk's decision to tax costs, the Court engages in a de novo review.[2] Rule 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise," limited by 28 U.S.C. § 1920. Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). A court must state a sound basis for overcoming this presumption. Id. at 1039. Furthermore, when challenging costs, the burden generally lies with the losing party.[3]

Rule 54(d) states that unless a statute, a rule, or a court order says otherwise, costs "should be allowed to a prevailing party." However, Maroun's International, LLC did not seek costs as a "prevailing party" under Rule 54(d)(1). Instead, Maroun's International, LLC filed a motion that argued that it should be entitled to costs under two Florida laws governing offers of

---

[1] Saadi did not file a motion or petition for his costs, and the time for Saadi to file for costs under Local Rule 4.18 has expired.

[2] Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232 (1964), rev'd in part on other grounds, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

[3] Gupta v. Walt Disney World Co., No: 6:05-cv-1432-Orl-22 UAM, 2007 WL 2002454, at *1 (M.D. Fla. July 5, 2007) (Conway, J.).

4

settlement and offers of judgment. Fla. Stat. §§ 45.061, 768.79. For the reasons previously discussed, the two Florida statutes do not grant Maroun's International, LLC relief in the form of attorney's fees or costs. In addition, while this Court sitting under its diversity jurisdiction must apply Florida law to an award of attorney's fees, federal law governs the award of costs.[4] Therefore, Maroun's International, LLC erred by relying on Florida law to seek costs.

Even though Maroun's International, LLC filed a motion for costs relying on Florida law, it also submitted a proposed bill of costs as an exhibit to the motion.[5] (Docs. 246, 249.) Even assuming the proposed bill of costs could somehow overcome the motion's reliance on Florida law, the taxation of the bill costs must be vacated for both procedural and substantive reasons.

First, Maroun's International LLC filed its motion for costs untimely under Local Rule 4.18, which requires a party to file a motion for costs or attorney's fees no later than 14 days after entry of judgment. Maroun's International, LLC waited until October 19, 2009, or 17 days after the judgement was entered on October 2, 2009, to file its proposed bill of costs.

While Rule 6(d) of the Federal Rules of Civil Procedure grants an additional three days

---

[4] Wendel v. USAA Cas. Ins. Co., No.: 8:08-cv-536-T-23 EAJ, 2009 WL 1971451, at *6 (M.D. Fla. July 8, 2009) (internal citations omitted) (Merryday, J.) ("Even in diversity cases, however, the taxation of costs by a federal court is controlled by federal law rather than state law."); see also 10 Charles A. Wright, et al. Federal Practice and Procedure §2669 (3d ed. 2009).
  Maroun's International, LLC cites Tanker Management, Inc. v. Brunson, 918 F.2d 1524 (11th Cir. 1990) for the proposition that Florida law should apply to the award of attorney's fees, as well as costs. While the Eleventh Circuit held in Tanker Management that Rule 68 did not displace either Florida Statutes § 45.061 or § 768.79 for purposes of awarding attorney's fees, the Eleventh Circuit applied federal law in reviewing costs in Tanker Management. Id. at 1527-29.

[5] Rule 54 does not require a party to file a motion to seek costs. However, Local Rule 4.18 requires that a party make a claim for costs by separate motion or petition. Arguably, the proposed bill of costs and affidavit required by 28 U.S.C. § 1924, which were submitted as exhibits to the motion, constitute a petition.

for parties to file certain types of motions, Rule 6(d) does not apply in this situation. Rule 6(d) only applies when a party must act after being served under Rule 5(b)(2)(C)-(F). However, Rule 5 "does not contemplate the service of judgments." Giminez v. Am. Sec. Ins. Co., No.: 8:08-cv-02495-T-24 TGW, 2009 WL 3048563, at *2 n.3 (M.D. Fla. Sept. 21, 2009) (internal citation omitted). Therefore, the three-day extension under Rule 6 does not apply to the motion for costs because an entry of judgment does not involve service under Rule 5(a).

Second, Local Rule 4.18 requires a party to preserve a claim for costs by appropriate pleading or pretrial stipulation. Saadi argues that Maroun's International, LCC failed to preserve its claim for costs in its answer to the fourth amended complaint. (Doc. 95.) Maroun's International, LCC did not respond to Saadi's assertion. However, the Court agrees that Maroun's International, LLC did not preserve its claim for costs in either its answer to the fourth amended complaint or its answer to the third amended complaint (Doc. 61), or by stipulation in the Case Management Report or the Pretrial Statement. (Docs. 36, 165.) Therefore, Maroun's International, LCC failed to preserve its claim for costs and cannot seek costs post judgment.

Third, even if Maroun's International, LLC had followed the procedural requirements of the Local Rules, it has failed to provide the Court with "requisite specificity" to justify the bill of costs. Gary Brown & Assocs., Inc. v. Ashdon, Inc., 268 Fed. Appx. 837, 845-46 (11th Cir. 2008). Maroun's International, LLC submitted a one-page invoice from the law firm of Segal & Schuh, which represented both defendants, to account for the $1,720.35 in costs. (Doc. 249 at 16.) The invoice lacks specificity in at least two ways.

First, the invoice does not reveal which costs were incurred by Defendant Pierre Maroun and which costs were incurred by Defendant Maroun's International, LLC. The invoice merely

6

lists Defendants Pierre Maroun and Maroun's International, LLC, both at the same address, as joint clients. (Doc. 249 at 16.) The Court cannot lump Pierre Maroun's costs together with Maroun's International, LLC's costs because Pierre Maroun is not entitled to costs under the Federal Rules of Civil Procedure. Rule 54(d)(1) only permits a court to award costs to a "prevailing party." Pierre Maroun did not prevail at trial. The Court will only award costs that Maroun's International, LLC can show with requisite specificity that it actually incurred for its sole defense.

Maroun's International, LLC argued in its motion that it should recover 50 percent of total costs because the two defendants privately agreed to split costs on a 50 percent basis. Despite this agreement, Maroun's International, LLC submitted a proposed bill of costs (Doc. 238) that reflects 100 percent of the costs on an invoice to both defendants. (Doc. 249 at 16.) Even if Maroun's International, LLC had requested 50 percent of the costs, the Court might be more inclined to adopt this private arrangement if the cause of action had required both Defendants to defend themselves on an equal basis. However, in this case, most of the defense rested on Pierre Maroun's shoulders alone. Only Pierre Maroun could defend the claim that he personally posted defamatory statements on the Internet about Saadi. Maroun's International, LLC, defended itself only by asserting that it did not act as Pierre Maroun's alter ego and was not vicariously liable for the unauthorized acts of its agent. Therefore, because Maroun's International, LLC could not have shouldered 50 percent of the burden of defending the lawsuit, the Court will not blindly award it 50 percent of the costs.

## **CONCLUSION**

Accordingly, it is ORDERED and ADJUDGED that:

(1) The motion for attorney's fees and costs by Defendant Maroun's International, LCC (Doc. 246) is **DENIED**;

(2) Plaintiff Edward Saadi's motion for attorney's fees and costs (Doc. 243) is **DENIED**;

(3) Plaintiff Edward Saadi's motion to review and vacate the bill of costs (Doc. 240) is **GRANTED**.

(4) The Clerk is directed to vacate the bill of costs entered on October 21, 2009. (Doc. 238.)

**DONE AND ORDERED** at Tampa, Florida this 4th day of December, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

8