UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

        Plaintiff,

v.                                                                    Case No. 8:07-CV-1976-T-24MAP

PIERRE A. MAROUN, *et al.*,,

        Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff Judgement Creditor's *emergency* motion for a charging order (doc. 274). After an October 2009 jury trial, Plaintiff was awarded a judgment in the amount of $90,000 against Pierre A. Maroun. (Doc. 230) The judgment remains unsatisfied. Upon discovering Defendant Maroun's managing membership interest in a Florida limited liability company known as Capital Trans International, LLC (doc. 274-2), and that the only purported asset of the LLC is a lawsuit currently pending in the Middle District of Florida, *Capital Trans International, LLC v. International Petroleum Investment Company, et al.*, Case No. 8:10-cv-529-30TGW, which may be about to settle, Plaintiff filed this motion seeking a charging order pursuant to Fla. Stat. § 608.433.

Fed. R. Civ. P. 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Pursuant to

Fla. Stat. § 608.433(4):

> (a) On application to a court of competent jurisdiction by any judgment creditor of a member or a member's assignee, the court may enter a charging order against the limited liability company interest of the judgment debtor or assignee rights for the unsatisfied amount of the judgment plus interest.
> (b) A charging order constitutes a lien on the judgment debtor's limited liability company interest or assignee rights. Under a charging order, the judgment creditor has only the rights of an assignee of a limited liability company interest to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled from the limited liability company, to the extent of the judgment, including interest.

Accordingly, upon consideration of Plaintiff's motion and the record in this case, it is hereby

ORDERED:

1. Plaintiff Judgement Creditor's *emergency* motion for a charging order (doc. 274) is granted.

2. The interest of Defendant Pierre A. Maroun in receiving any distribution(s) from Capital Trans International, LLC, is hereby charged with payment in full of Plaintiff Edward T. Saadi's $90,000 unpaid judgment against Pierre A. Maroun in this action plus interest.

DONE AND ORDERED in Tampa, Florida on April 5, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

2