UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                      Case No. 8:07-cv-1976-T-24MAP

PIERRE A MAROUN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Despite persistent efforts since October 2009, Edward T. Saadi has been unable to collect his $90,000 judgment against Pierre Maroun (docs. 225, 230). But after some financial spadework, he now contends that Maroun, through a limited liability company (LLC), has an interest in a Clearwater condominium that is either ripe for a judicial sale (Saadi's main demand) or a charging order (his alternative demand). *See* doc. 280. Recommending the correct alternative to the district judge is what is before me, and that determination depends on the application of Fla. Stat. § 605.0503, a statute that deals with charging orders in the context of a limited liability company. In sum, if the LLC has Maroun as its only member, the Court "may" order the sale of Maroun's interest (assuming Saadi meets the statute's other predicates). *See* § 605.0503(4). If the LLC has more members than Maroun, then a charging order, which acts as a lien on Maroun's transferable interest in the LLC, is the sole statutory option. *See* § 605.0503(1). After the benefit an evidentiary hearing and the motion papers, I recommend the district judge issue a charging order as to Maroun's interest in Maroun's International, LLC.

*Discussion*

Fed.R.Civ.P. 69(a)(1) dictates that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located[.]" And that puts Florida's Revised Limited Liability Company Act and § 605.0503 Fla. Stat. (2014) in particular front and center. That section provides generally that "a charging order is the sole and exclusive remedy by which a judgment creditor ... may satisfy a judgment" from a member's interest in a limited liability company or distributions therefrom. § 605.0503(3). That remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." § 605.0503(1). And where the limited liability company has only one member, the statute allows a court to order a foreclosure sale, if a judgment creditor establishes that a charging order will not satisfy the judgment.[1] Fla. Stat. § 605.0503(4); *Regions Bank v. Hyman*, No. 8:09-cv-1841-T-17MAP, 2015 WL 1912251, *5 (M.D. Fla. April 27, 2015).

No one disputes that Maroun lives at the Clearwater condominium, or that Maroun's International, LLC ("LLC") holds the deed to the place, or that Maroun has an interest in the LLC. What is hotly disputed, however, is the LLC's makeup – is it just Maroun or do others have an interest in it too? Deciding which from the evidence is a hazy proposition. Neither side's evidence is persuasive. Complicating all this is the fact that Florida's LLC scheme does not require an LLC to publicly reveal all its members.

---

[1] As the Plaintiff notes, the legislature enacted Fla. Stat. § 605.0503 in 2014. Its predecessor, Fla. Stat. § 608.433(4), applicable at the time this Court decided Plaintiff's motion for judicial sale in 2010, did not contain this exception allowing for a court to order a sale when a judgment creditor shows that distributions under a charging order will not satisfy the judgment within a reasonable time.

Saadi says the LLC is just Maroun, relying primarily upon Florida Department of State records and Maroun's and the LLC's responses to Saadi's interrogatories. For example, the Electronic Articles of Organization for Maroun's International, LLC filed with the Secretary of State on May 6, 2006, and the annual reports for Maroun's International, LLC for the years 2007-2017 mention only Maroun and no one else. *See* doc. 335, Ex. 3, 4, and 5. From this, he posits the LLC is a single entity structure – and Maroun is the only stakeholder. But that conclusion assumes that Florida's LLC scheme requires an LLC to list all its members in such filings. And that is not the case. In fact, the process for setting up an LLC in Florida can be unsophisticated. Under the version of the statute applicable at the time the LLC was established, Florida required the filing of "articles of organization ... with the Department of State" ... "by one or more members or authorized representatives of the [LLC]." §608.407(1), Fla. Stat. (2006). The articles of organization were only required to include the following information:

(a)  The name of the limited liability company. ...
(b)  The mailing address and the street address of the principal office of the limited liability company. ...
(c)  The name and street address of its initial registered agent for service of process in the state. ...

*Id.* Nothing in the Act required the LLC to identify in its articles of organization all its members of the LLC. Similarly, the LLC's annual reports show Maroun as the "Managing Member/ Manager" for the years 2009-2012 and the "Authorized Person" for the years 2013-2017. But as with the articles of organization, the legislative scheme did not require the LLC to list in the annual report all its members. Fla. Stat § 6-5.0212. That makes Saadi's conclusion that these filings evince a

single-member LLC unconvincing.[2]

In response to interrogatories, Maroun stated he was "sole managing member, founder, and registered agent of Maroun's International, LLC." *See* doc. 335, Ex.3, 4. Bank records show too that Maroun uses the LLC's bank account to pay his rent, child support obligations, personal gifts, and the LLC's condo fees. Saadi adds that the LLC's failure to file tax returns shows that it must be singly owned since single member LLCs are not required to file tax returns; that the Defendant resides rent-free in the condo owned by the LLC; and that a multiple member LLC would not title its bank account in the manner this LLC has titled its Regions Bank account. *See* doc. 335, Ex. 11 and 13 (personal bank account titled "Pierre A. Maroun d/b/a MI7USA" and LLC account titled "Maroun's International LLC d/b/a/ MI7USA").

Maroun represented himself at the hearing; the LLC appeared through counsel. Both contend that Maroun is not the only member and presented an Operating Agreement of Maroun's International, LLC purportedly executed in Jordan on August 28, 2012. *See* doc. 308, Ex.A; doc. 331-1, Ex. 1. Schedule A annexed to the Operating Agreement indicates that Pierre Maroun's interest in the LLC is 21%, Omar T. Qawasmi's interest is 49%, Jian Suleiman Maroun's interest is 15%, and Ahmad S. Kamel's interest is 15%. The LLC also presented a Promissory Note with the same date (August 28, 2012) signed only by Maroun. *See* doc. 309, Ex. B; doc. 331-2, Ex.2. The Promissory Note provides:

---

[2] Saadi notes that Maroun in annual reports for two other LLCs (Capital Trans International and LLC and International Capital Management) listed managing members, aside from himself. *See* exhibits 6 and 7 (doc. 335). From that, Saadi extrapolates that this shows Maroun's custom is to list all the managing members of an LLC in an annual report. For the reasons already noted, that logic ignores the statutory framework. And not all an LLC's members need be a managing member. Moreover, these two filings hardly qualify as "routine practice" evidence under Fed. R. Evid. 406. In short, these filings are not particularly relevant.

> I, Pierre A. Maroun, Chairman of Maroun's International, LLC, (DBA M17USA) have received a loan from Mr. Omar Toufic ElQawasmi in the amount of $300,000.00USD (THREE HUNDRED THOUSAND USD) with the interest rate of 1.25%. This loan is to be used in business related expenses and or to invest in real estate properties.
>
> In return, Mr. ElQawasmi will become a shareholder in the abovementioned company with 49% interest. He will enjoy the full rights of a shareholder in accordance with the articles of the attached "Operating Agreement" between the parties. In case of failure to repay said loan, Mr. ElQawasmi will have a first lien right on any or all properties, stocks, or interests owned by said company for the borrowed amount plus interest rate.

doc. 309-2, Ex.B; doc. 331-2, Ex.2.

After the hearing, both sides submitted additional evidence, and both claim none of this was available for the hearing. Saadi adds a few pages of a deposition he took after the hearing, that of John C. Dotterrer, an attorney who Maroun identified as the drafter of the LLC's operating agreement. *See* doc. 341, at p.59, lines 13-20 (Maroun's testimony). Dotterrer denied being its author. *See* doc. 343, p.6, lines 15-19. Post-hearing, Maroun, who has now hired counsel, states that Dotterrer prepared an Operating Agreement for a different LLC. In short, Maroun seeks to correct his testimony. He, not the lawyer, prepared Maroun International's Operating Agreement, and that he modeled it after Dotterrer's work. *See* doc. 345. He adds too the Promissory Note presented at the hearing but now filed with Pinellas County Clerk of Court on December 20, 2017; the deed to the real property located at 500 N. Osceola Avenue, Unit 102, Clearwater, Florida owned by the LLC; and sworn affidavits of the members of the LLC (Omar Al-Qawasmi who owns 49%, Ahmad Kameh who owns 15%, and Jean Maroun who owns 15%). *See* doc. 340, Ex. A-E. And he has filed a corrected affidavit of Omar Al-Qawasmi; an application for use of the fictitious name MI7USA by Maroun's International dated October 31, 2011; eight letters between various dignitaries

in the Jordanian government and MI7USA that purportedly show that the LLC is a viable business entity; a copy of the original mortgage that Omar Al-Qawasmi took out on his house in Jordan dated August 29, 2012; and a copy of the wire transfer evidencing that Omar Al-Qawasmi deposited money into the Regions Bank account on September 6, 2012.[3]  *See* doc. 354, Ex. A-E.

After considering the evidence before me, including the post-hearing evidence, I find that Saadi has failed to show that Maroun is the sole member of Maroun International, LLC. Saadi's evidence for proving that the LLC is just Maroun is not convincing. The LLC's Operating Agreement and its annual reports did not need to disclose the identities of all of its members. And I find that none of the record evidence shows that Maroun was its sole member, especially at the pertinent time– now. To find otherwise would be speculation. Thus, the only remedy available to Saadi is the charging order against Maroun's interest in the LLC, and for that he clearly makes his case.[4] Accordingly, it is hereby

RECOMMENDED:

1. That a charging order should be entered against the transferable interest of the Defendant

---

[3] Saadi moves to amend his pleadings on the grounds of conforming to the evidence and to assert that Maroun has fraudulently transferred assets to Maroun's International, LLC. *See* doc. 352. Put more succinctly, Saadi seeks to invoke Florida's Uniform Fraudulent Transfer Act (FUFTA) (Fla. Stat. § 726.101 *et seq.*). I address that matter in a separate order. *See e.g. National Maritime Services, Inc. v. Straub*, 979 F.Supp.2d 1322 (S.D. Fla. 2013), *aff'd*, 776 F.3d 783 (11th Cir. 2015)(finding district court had ancillary jurisdiction over supplementary proceeding seeking to recover a fraudulently transferred asset from a third party).

[4] The charging order should only pertain to the Maroun's membership interest, not to his managerial rights. *See McClandon v. Dakem & Assoc., LLC*, 2017 WL 2298443 (Fla. 3rd DCA May 26, 2017); *see also SE Property Holdings, LLC v. McElheney, et al.,* 2016 WL 7494300 (N.D. Fla. 2016) (membership in an LLC and the right to LLC distributions are two separate property interests; "the latter is by default freely transferable, whereas the former cannot really be 'transferred' at all, at least not under the default rules" unless an LLC provides for different mechanisms in its operating agreement).

for the unsatisfied amount of the judgment pursuant to Fla. Stat. §605.0503(1). A proposed Charging Order is attached to this Report and Recommendation.

2. That in all other respects the Plaintiff's renewed motion for order directing assignment of Pierre Maroun's interest in Maroun's International, LLC to the U.S. Marshal's for judicial sale and motion for a charging order against Pierre Maroun's interest in Maroun's International, LLC (doc. 280) be DENIED.

IT IS SO REPORTED at Tampa, Florida on February 23, 2018.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).