UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

              Plaintiff,

v.                                                 Case No.  8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN, ET AL.,

              Defendants.

_____/

## ORDER

      This cause comes before the Court on Plaintiff's Renewed Motion for Judicial Sale and

Motion for Charging Order.  (Doc. No. 280).  This motion was referred to Magistrate Judge

Pizzo, who held an evidentiary hearing on the matter.  Thereafter, the Magistrate Judge issued a

Report and Recommendation in which he recommends denying the motion to the extent Plaintiff

seeks a judicial sale and granting the motion to the extent that Plaintiff seeks a charging order.

(Doc. No. 356).  All parties were furnished copies of the Report and Recommendation and were

afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Objections to the

Report and Recommendation were filed by Plaintiff.  (Doc. No. 360).  As explained below, the

Court overrules Plaintiff's objections to the Report and Recommendation.

      Additionally, in connection with the instant motion, the Magistrate Judge granted

Defendant's request to supplement the record with additional evidence.  (Doc. No. 340, 354,

357).  Plaintiff also objects to this ruling.  As explained below, the Court overrules Plaintiff's

objections to this ruling.

## I.  Background

      On October 1, 2009, a jury awarded Plaintiff Edward T. Saadi $90,000 in compensatory

and punitive damages for his claims against Defendant Pierre A. Maroun. (Doc. No. 225). Plaintiff has been unable to collect on his judgment and has filed various motions to aid in collection. In the instant motion, Plaintiff seeks a judicial sale of Defendant's interest in Maroun's International, LLC ("MILLC"), or alternatively, a charging order against Defendant's interest in MILLC.[1]

Florida Statute § 605.0503 controls the appropriate resolution of Plaintiff's motion for judicial sale or a charging order against Defendant's interest in MILLC. Section 605.0503(4) provides that if MILLC has only one member (i.e., Defendant), then the remedy of a judicial sale may be available. However, if the MILLC has more than one member, as Defendant contends, then a judicial sale is not an available remedy and Plaintiff can only seek a charging order. Fla. Stat. § 605.0503(1) & (6).

The Magistrate Judge held an evidentiary hearing to determine whether Defendant was the sole member of MILLC. Thereafter, the Magistrate Judge allowed Defendant to supplement the record with the following: (1) an affidavit and a corrected affidavit of Omar Al-Qawasmi, who allegedly holds a 49% interest in MILLC; (2) an application for use of the fictitious name, "MI7USA," by MILLC dated October 31, 2011; (3) eight letters between various dignitaries in the Jordanian government and MI7USA that purportedly show that MILLC is a viable business entity; (4) a copy of the original mortgage that Omar Al-Qawasmi took out on his house in Jordan dated August 29, 2012; (5) a copy of the wire transfer evidencing that Omar Al-Qawasmi deposited money into MILLC's Regions Bank account on September 6, 2012; (6) a copy of a

---

[1]The MILLC owns a condominium valued in excess of Plaintiff's $90,000 judgment. Defendant lives in the condominium.

promissory note from MILLC to Omar Al-Qawasmi that was presented at the hearing but has now been filed with the Pinellas County Clerk of Court; (7) the deed to the condominium owned by MILLC; and (8) sworn affidavits from the other alleged members of MILLC (Ahmad Kameh who allegedly owns 15% and Jean Maroun who allegedly owns 15%). (Doc. No. 340, Ex. A-E; Doc. No. 354, Ex. A-E).

In the Report and Recommendation, the Magistrate Judge found that neither Plaintiff's nor Defendant's evidence was persuasive. As a result, the Magistrate Judge concluded that Plaintiff failed to show that Defendant was the sole member of MILLC. Therefore, the Magistrate Judge found that the only remedy available to Plaintiff was a charging order against Defendant's interest in MILLC, and the Magistrate Judge recommended such relief.

## II. Plaintiff's Objection to Defendant Supplementing the Record

The Magistrate Judge granted Defendant's request to supplement the record with additional evidence. (Doc. No. 354, 357). Plaintiff objects to this ruling, arguing that the affidavits submitted consist of hearsay because they are out of court statements and Plaintiff cannot cross-examine the affiants. Plaintiff also argues that the remaining documents are unauthenticated and should not have been considered.

A district court shall consider objections to a magistrate judge's order and modify or set aside any portion of the order if it is found to be "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). This standard has been described as follows:

> Clear error is a highly deferential standard of review. [A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A magistrate judge's order is contrary to law when it fails to apply or misapplies

relevant statutes, case law, or rules of procedure.

Lanard Toys Limited v. Toys "R" Us-Delaware, Inc., 2017 WL 2992059, at *1 (M.D. Fla. July 14, 2017)(internal citations and quotation marks omitted).

Plaintiff has not shown that the Magistrate Judge's ruling was clearly erroneous or contrary to law.  Plaintiff did not cite to any case law discussing the proper materials to be considered in an evidentiary hearing conducted pursuant to Florida Statute § 605.0503. Furthermore, as explained below, even if the Magistrate Judge had not considered these additional exhibits, his ultimate finding would still be supported---Plaintiff failed to show that Defendant was the sole member of MILLC.  Accordingly, the Court overrules Plaintiff's objections to Magistrate Judge's ruling allowing Defendant to supplement the record.

### III.  Plaintiff's Objections to the Report and Recommendation

Plaintiff objects to the Magistrate Judge's conclusion that it would be speculation to conclude that Defendant was the sole member of MILLC.  However, Plaintiff's evidence for proving that Defendant was the sole member of MILLC was that Defendant never listed any other members of MILLC in any of its filings, that Defendant used MILLC's bank account for personal expenses and titled it similar to his personal account, that the MILLC failed to file tax returns, and that Defendant lived rent-free in the condominium owned by MILLC.  The Magistrate Judge properly concluded that this evidence was not sufficient.  Specifically, the Magistrate Judge stated the following:

> Saadi says the LLC is just Maroun, relying primarily upon Florida Department of State records and Maroun's and the LLC's responses to Saadi's interrogatories. For example, the Electronic Articles of Organization for Maroun's International, LLC filed with the Secretary of State on May 6, 2006, and the annual reports for Maroun's

4

> International, LLC for the years 2007-2017 mention only Maroun and
> no one else. *See* doc. 335, Ex. 3, 4, and 5. From this, he posits the
> LLC is a single entity structure – and Maroun is the only stakeholder.
> But that conclusion assumes that Florida's LLC scheme requires an
> LLC to list all its members in such filings. And that is not the case. In
> fact, the process for setting up an LLC in Florida can be
> unsophisticated. . . . Nothing in the Act required the LLC to identify
> in its articles of organization all its members of the LLC. Similarly,
> the LLC's annual reports show Maroun as the "Managing
> Member/Manager" for the years 2009-2012 and the "Authorized
> Person" for the years 2013-2017. But as with the articles of
> organization, the legislative scheme did not require the LLC to list in
> the annual report all its members. Fla. Stat § 6-5.0212. That makes
> Saadi's conclusion that these filings evince a single-member LLC
> unconvincing.

(Doc. No. 356, p. 3-4).

Considering only Plaintiff's evidence and disregarding all of Defendant's evidence, this

Court concludes that Plaintiff has not shown that there are no other members of MILLC.

Plaintiff's evidence simply showed that Defendant may have been improperly using MILLC's

assets as his own, but that alone is not the same as showing that there are no other members of

MILLC. Therefore, the Court overrules Plaintiff's objection to the Magistrate Judge's conclusion

that Plaintiff has not shown that there are no other members of MILLC, and as such, a judicial

sale is not an available remedy.

Plaintiff also objects to the fact that the proposed charging order does not explicitly

include within its scope disbursements made by MILLC to Defendant for reimbursement of

expenses. However, Plaintiff fails to cite any authority to support his objection, and as such, the

Court overrules this objection.

## IV.  Conclusion

Based on the above, it is ORDERED AND ADJUDGED that:

(1)      The Court overrules Plaintiff's objections (Doc. No. 360) to Magistrate Judge's ruling (Doc. No. 357) allowing Defendant to supplement the record.

(2)      The Court overrules Plaintiff's objections (Doc. No. 360) to the Report and Recommendation (Doc. No. 356).

(3)      The Magistrate Judge's Report and Recommendation (Doc. No. 356) is adopted and incorporated by reference in this Order of the Court.

(4)      Plaintiff's Renewed Motion for Judicial Sale and Motion for Charging Order (Doc. No. 280) is **GRANTED** to the extent that the Court will issue a charging order; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of March, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Magistrate Judge Mark A. Pizzo