UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

    Plaintiff,

v.                                                      Case No: 8:07-cv-1976-T-24JSS

PIERRE A MAROUN, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Impleaded Defendant, Maroun's International, LLC's, Motion to Dismiss and/or Motion to Strike ("Motion") (Dkt. 408), with Edward T. Saadi's response in opposition (Dkt. 412). For the reasons that follow, the Court recommends that the Motion be granted, and the impleader complaint be dismissed without prejudice.

**BACKGROUND**

Plaintiff, Edward T. Saadi ("Mr. Saadi"), obtained a judgment in this case against Pierre A. Maroun ("Mr. Maroun") on October 2, 2009 in the total amount of $90,000. (Dkt. 230.) Since that date, Mr. Saadi has been unsuccessfully attempting to collect on the judgment. On November 7, 2009, Mr. Saadi filed a motion seeking an assignment of Mr. Maroun's ownership interest in Maroun's International LLC ("MILLC"). (Dkt. 251.) After a hearing on January 19, 2010, Magistrate Judge Pizzo entered an endorsed order denying the motion. (Dkt. 267.) Mr. Saadi sought review of that order with the District Judge and the Court approved the order. (Dkt. 270.) Specifically, the Court noted Mr. Saadi's comment that the interest might be worthless and agreed with the Magistrate Judge that the motion was "futile and would waste the Court's resources." (Dkt. 270 at 3–4.)

Subsequently, Mr. Saadi filed an emergency motion for a charging order against Mr. Maroun's interest in Capital Trans International, LLC ("CTILLC") (Dkt. 274), which the Court granted. (Dkt. 276.) Soon after, Mr. Saadi filed a renewed motion for an assignment and sale of MILLC, and a motion for a charging order against MILLC. (Dkt. 280.) Mr. Saadi also filed an *ex parte* motion for a writ of garnishment (Dkt. 286), which the Court granted. (Dkt. 289.) However, the garnishee reported that the account Mr. Saadi sought to garnish had been closed. (Dkt. 294 at 3.) On February 23, 2018, Magistrate Judge Pizzo entered a Report and Recommendation finding that because Mr. Saadi could not prove Mr. Maroun was the sole member of MILLC, the "only remedy available" was a charging order against Mr. Maroun's interest in MILLC. (Dkt. 356 at 6.) The Court adopted the Report and Recommendation (Dkt. 361) and a charging order was issued (Dkt. 362.)

Next, Mr. Saadi moved to initiate proceedings supplementary. (Dkt. 364.) On March 21, 2019, the Court granted the motion in part, impleaded MILLC into this action, and granted Mr. Saadi leave to file an impleader complaint against MILLC. (Dkt. 389.) On April 4, 2019, Mr. Saadi filed his impleader complaint. (Dkt. 398.) In response, MILLC filed this Motion, moving under Federal Rule of Civil Procedure 12(b)(6) to dismiss the impleader complaint. (Dkt. 408.) Additionally, MILLC moves under Rule 12(f) to strike portions of the impleader complaint. (Dkt. 408.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that the complaint contains sufficient factual allegations to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 670).

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Its purpose is to "clean up the pleadings, removing irrelevant or otherwise confusing materials."  *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699 (S.D. Fla. 2013).  "'A motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'"  *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (alteration in original) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962)).

**ANALYSIS**

In moving to dismiss, MILLC first argues that the impleader complaint is an impermissible shotgun complaint.  (Dkt. 408 at 2–3.)  Mr. Saadi argues that the complaint is acceptably drafted but cites no supporting cases.  (Dkt. 412 at 2.)  The undersigned agrees with MILLC that the impleader complaint is a shotgun pleading.  In *Weiland v. Palm Beach County Sheriff's Office*, the Eleventh Circuit identified "four rough types or categories of shotgun pleadings."  792 F.3d 1313, 1322 (11th Cir. 2015).  The first, and most common type, "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive

count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The impleader complaint does exactly this. It contains four counts, including three theories of fraud under two different statutes and one count for reverse piercing of the corporate veil, each successively incorporating all previous allegations. (Dkt. 397.) As such, neither the impleader defendant, nor the Court, can adequately assess which factual allegations go to the distinct requests for relief.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), because they fail to adequately "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. "They waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Vibe Micro*, 878 F.3d at 1295 (alterations in original) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–93 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). For these reasons, the Eleventh Circuit has "condemned shotgun pleadings time and again" and has "repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

Because the impleader complaint is a shotgun pleading, Mr. Saadi must replead. As such, the Court need not rule on the other issues raised by the Motion, all of which are based on the factual allegations in the impleader complaint. However, Mr. Saadi may take the opportunity to

"plead any additional facts which might obviate [MILLC's] arguments regarding deficient factual allegations." *Davis v. Main Street Family Pharmacy, LLC*, No. 5:16cv45–MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (deferring on other issues raised by a motion to dismiss when dismissing on shotgun pleading grounds).

Accordingly, it is **RECOMMENDED** that:

1. Impleaded Defendant, Maroun's International, LLC's, Motion to Dismiss and/or Motion to Strike (Dkt. 408) be **GRANTED**;

2. The Impleader Complaint (Dkt. 397) be **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff be allowed fourteen (14) days to file an amended impleader complaint.

**IT IS SO REPORTED** in Tampa, Florida, on September 10, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Susan C. Bucklew
Counsel of Record