THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

EDWARD T. SAADI,
     Judgment Creditor,

v.

PIERRE A. MAROUN
     Judgment Debtor,

And

MAROUN'S INTERNATIONAL, LLC
     Impleaded Defendant.

CASE NO.: 07-CV-1976-T-24JSS

Judge Susan Bucklew

Magistrate Julie Sneed

_____/

**IMPLEADED DEFENDANT, MAROUN'S INTERNATIONAL, LLC'S, MOTION TO DISMISS AND/OR MOTION TO STRIKE AMENDED IMPLEADER COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Impleaded Defendant, Maroun's International, LLC (the "Company"), by and through undersigned counsel, hereby moves the Court to enter an order dismissing Plaintiff, Edward Saadi's, Amended Impleader Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Motion to Strike redundant, immaterial, impertinent, or scandalous allegations contained in the Amended Impleader Complaint, and in support thereof states as follows:

**STANDARD OF REVIEW**

When considering a motion to dismiss, the court must assume that all well-pleaded facts in the complaint are true and interpret the allegations in a light most favorable to the plaintiff to determine whether the allegations are sufficient to establish any claim on which relief may be granted. **Mueller v. Gallina**, 311 F. Supp. 2d 606, 608 (E.D. Mich. 2004). However, the court is not required to accept as true the legal conclusions or factual assertions given by the non-moving party. **Scalisi v. Fund Asset Mgmt., L.P.**, 380 F.3d 133, 137 (2d Cir. 2004).

1

Additionally, a court may grant a motion to dismiss if it clearly appears that the plaintiff would be unable to prove any set of facts under the pleadings that would entitle the plaintiff to recover. **Illinois ex rel. Madigan v. Telemarketing Assocs.**, 538 U.S. 600, 618, 123 S. Ct. 1829, 155 L. Ed. 2d 793 (2003). Thus, the court may grant the motion to dismiss if either the complaint lacks enough factual allegations showing a plausible entitlement to relief, **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 563, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), or the factual allegations of the complaint fail to show that the plaintiff has standing to bring the claim for relief. **Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.**, 436 F.3d 82, 89 FN 6 (2d Cir. 2006).

## LEGAL ARGUMENT

   A.   **THE COURT SHOULD GRANT THE COMPANY'S MOTION TO DISMISS THE PLAINTIFF'S AMENDED IMPLEADER COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

The Plaintiff's Amended Complaint should be dismissed because it fails to state any claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff's claims against the Company should be dismissed because of global pleading deficiencies as well as additional defects that are specific to each claim. The Company will first address the global pleading deficiencies that are applicable to all counts asserted in the Complaint and then will address the count-specific deficiencies justifying the dismissal of this action.

   1. **Plaintiff fails to state a cause of action for all counts.**

Counts II is for actual fraud while Count III is for constructive fraud. Both causes of action are barred by the statute of limitations and are improperly pleaded. Section 726.110 states that the statute of limitation of an action for _actual_ fraud is "within 4 years *after the transfer was made* or the obligation was incurred *or, if later, within 1 year after the transfer* or obligation *was or could*

***reasonably have been discovered*** by the claimant." FLA. STAT. §726.110(1). For <u>constructive</u> fraud, the applicable statute of limitations is "within 4 years after the transfer was made or the obligation was incurred." FLA. STAT. §726.110(2).

Here, although Plaintiff now claims that it allegedly became aware of the existence of the property in April of 2017, but it still fails to allege when the transfer occurred and fails to even make a general allegation that the transfer occurred within the four-year statute of limitation. The transfer here is not the purchase of the property; it is the transfer of the $250,000 to the Company.

As such, Plaintiff must at least generally allege that the transfer occurred within four years from the filing of this action. If the transfer was made more than four years before the filing of the Complaint, then an action for constructive fraudulent transfer (Count III) is barred. Likewise, an action for actual fraudulent transfer (Count II) would also be barred because Plaintiff already admitted it knew a transfer occurred as early as April of 2017, ***more than one year before*** it filed the action in April of 2019.

Likewise, Count I for fraudulent transfer suffers from the same infirmity. Courts have held that a four-year statute of limitations applies to claims for alleged improper transfers under Florida Statute §56.29. In **Jones v. MTLC Inv., Ltd. (In re Hill)**, 332 B.R. 835, 843 (Bankr. M.D. Fla. 2005), the Court held that "§56.29 does not extend or create new the statute of limitations for a fraudulent transfer to twenty years. The applicable limitation for fraudulent transfer actions is contained in Fla. Stat. § 726.110."

Almost 10 years after the **Jones** opinion, the Florida First District Court Appeal held that Chapter 726 does not shorten the statute of limitation for claims brought under §56.29(3).[1] **Biel**

---

[1] "In *Biel Reo, LLC v. Barefoot Cottages Dev. Co. LLC*, 156 So. 3d 506 (Fla. 1st DCA 2014), the court considered whether the statute of limitations provided in chapter 726 applied to bar proceedings supplementary brought under then subsections (5) and (6) of Fla. Stat. § 56.29. The

**Reo, LLC v. Barefoot Cottages Dev. Co., LLC**, 156 So. 3d 506 (Fla. 1st DCA 2014). However, in a recent decision issued last month, a federal court analyzed **Biel Reo** and aptly pointed out that when that case was decided, the First District applied the old version of the statute instead of the current version which now specifically incorporates all provisions of Chapter 716 – including the statute of limitations. **In re British Am. Ins. Co. Ltd.,** 09-31881-EPK, 2019 WL 4735493 (Bankr. S.D. Fla. Sept. 26, 2019).

     **In re British Am**. stated that the erroneous holding in **Biel Reo** would allow a judgment creditor to pursue the recipient of a transfer, nearly without limitation, and opined that it would be "difficult to imagine the Florida Legislature intended this outcome or that the Florida Supreme Court would today condone such an expansive application of the statute." *In re British Am. Ins. Co. Ltd.*, 2019 WL 4735493, at \*6. Since the decision in **Biel Reo**, no court has decided the applicability of Chapter 726's statute of limitations on §56.29 in light of the 2014 and 2016 amendments to §56.29, which now specifically incorporates Chapter 726. However, the reasoning of **In re British Am**. is sound and should be adopted to apply the statute of limitations found in Chapter 726 to actions for fraudulent transfer brought under §56.29.

     Lastly, because Counts I, II, and III are not properly pleaded, Count IV (to pierce the corporate veil) cannot stand on its own. 'Piercing the corporate veil is ***not a separate cause of action*** but instead is a means for imposing liability in an underlying cause of action." **A.L. Dougherty Real Estate Mgmt. Co., LLC v. Su Chin Tsai**, 98 N.E.3d 504, 515 (Ill. App. Ct.

---

language of subsection (5) considered by the *Biel Reo* court is now included at the beginning of subsection (6).… The language of subsection (6) then considered by the *Biel Reo* court is now included, with only stylistic changes, in subsection (3) of section 56.29. **Thus, *Biel Reo* addressed the applicable statute of limitations for claims under current Fla. Stat. § 56.29(3)."** *In re British Am. Ins. Co. Ltd.,* 09-31881-EPK, 2019 WL 4735493, at \*6 (Bankr. S.D. Fla. Sept. 26, 2019)(emphasis added).

2017), appeal denied, 95 N.E.3d 497 (Ill. 2018)(emphasis added). Therefore, the Court should dismiss the Amended Complaint on the basis of failure to properly plead the causes of action.

**2. Plaintiff failed to properly plead Count I and Counts I and II are redundant.**

Count I for fraudulent transfer is brought pursuant to §56.29. But Plaintiff does not specify whether if the claims are brought under §56.29(3)(a), (3)(b), or (9). All three subsections are different and provide different burdens and/or remedies against different parties. As worded, Count I makes it incredibly difficult for Defendant to respond as it seems to improperly attempt to incorporate all three subsections– some of which are inapplicable – against both Defendants into one claim.

First, in paragraph 47, Plaintiff claims that §56.29(3)(a) is applicable, but it is not. Subsection (3)(a) states that:

> When, within 1 year ***before*** the ***service of process*** on the judgment debtor in the ***original*** proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which the judgment debtor's spouse, any relative, or any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors. (emphasis added).

Plaintiff makes no allegation that the judgment debtor held title to the property at issue or paid for it within 1 year before he was served with process in the original action (which was over 10 years ago). Instead, by Plaintiff's own allegation, the property at issue was not titled to any relevant party until around 2017. As such, subsection (3)(a) does not apply.

Plaintiff then seeks relief under §56.29(3)(b) which is the appropriate section used for fraudulent transfers, except that under subsection (3)(b) no money judgment may be obtained, only a return of the asset. "[T]he only remedy provided in subsection (3)(b) is an order voiding the transfer and directing 'the sheriff to take the property to satisfy the execution." Fla. Stat. §

56.29(3)(b)(emphasis added). This provision permits the Court to order execution on specified

personal property that was transferred by the judgment debtor." *In re British Am. Ins. Co. Ltd.*, 09-

31881-EPK, 2019 WL 4735493, at \*5 (Bankr. S.D. Fla. Sept. 26, 2019). Yet, Plaintiff improperly

seeks a money judgment in the wherefore clause, not just the transfer of the property.

Plaintiff does seek relief under subsection (6) which specifically allows for a money

judgment against anyone subject to a Notice to Appear,[2] however, that subsection does not deal

with fraudulent transfers and is inapplicable to this situation. "The language of subsection (5)

considered by the *Biel Reo* court is now included at the beginning of subsection (6). This provision

addresses recovery of property of the judgment debtor held by another **and does *not* implicate**

**fraudulent transfer law**." **In re British Am. Ins. Co. Ltd.,** 09-31881-EPK, 2019 WL 4735493,

at \*6 (Bankr. S.D. Fla. Sept. 26, 2019).

In **In re British Am**., the judgment creditor argued that §56.29(6) entitled it to a money

judgment based on claims brought under §56.29(3)(b). **In re British Am. Ins. Co. Ltd.,** 2019 WL

4735493. The Court held that "[t]his interpretation is contrary to the text of section 56.29 taken as

a whole." *Id*. at FN 1. The Court reasoned that subsection (2) authorizes supplementary

proceedings to pursue *property of the judgment debtor* in the hands of another. *Id*. Subsection (6)

authorizes the court to enter appropriate orders directing levy on and application of such property

-- meaning *property of the judgment debtor* held by someone else. *Id*. "The relief authorized in

subsection (6) is the relief that may be obtained from a proceeding relying on subsection (2)." *Id*.

"The power to enter money judgments under subsection (6) does not extend to relief sought

under subsection (3)(b). To the contrary, subsection (3)(b) specifically limits the available relief

---

[2] While a Notice to Appear was issued to the Company, it was never properly disposed of since Plaintiff filed an Impleader Complaint. Either way, it would be inappropriate to subject the Company to a Notice to Appear under the reasoning in **In re British Am.**

to turnover of the fraudulently transferred personal property to the sheriff." *Id*. The Court held that this interpretation is "consistent with the fact that subsection (3)(b) provides a narrow exception to the requirements of subsection (9) that fraudulent transfer claims be pursued by complaint, in which case money judgments may be obtained consistent with chapter 726." *Id*. As such, in Count I, Plaintiff may not seek a monetary judgment under either subsection (3)(b) or (6).

Next, Plaintiff improperly seeks fees and costs pursuant to subsection (8), but that section only applies to the judgment debtor, not the Company. Section 56.29(8) states: "Costs for proceedings supplementary shall be taxed **against the judgment debtor** as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney fees may be taxed **against the judgment debtor**." As such, this subsection is improperly pleaded as against the Company.

All-in-all, it is not clear what the basis of Count I is. Defendant cannot tell if Count I is based on subsection (3)(a), 3(b), or (9) of §56.29. The allegations in Count I do not help to decipher this either because the three events supporting Count I are the same as alleged for Counts II and III. The three events are: 1) the transfer of $250,000 to the Company; 2) the purchase of the condo with that money; and 3) the recording of the Promissory Note.

Defining which subsection is applicable is important because if Count I is based on subsection (3)(a) it is impermissible and does not plead sufficient facts to establish an action on that basis. If Count I is based on subsection (3)(b), Plaintiff cannot recover a monetary judgment against the Company, and if Count I is based on subsection (9), then Counts I and II are redundant as they are identical and should be stricken.

"Rule 10(b) of the Federal Rules of Civil Procedure requires that each claim **'founded on a separate transaction or occurrence'** be pled in a separate count 'if doing so would promote clarity.' Separation of different claims under Rule 10(b) of the Federal Rules of Civil Procedure, though preferable, 'is discretionary and **unnecessary if the claims arise from the same actions or underlying circumstances**.'" *Toala v. City of Miami Beach*, 08-20884-CIV, 2008 WL 11411152, at *1 (S.D. Fla. Aug. 13, 2008)(emphasis added). When a claim is not properly pleaded pursuant to Rule 10(b) it can be stricken pursuant to that Rule and Rule 12(f) which give the courts the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, the legal basis for Count I and II is not clear. But, what is clear is that both counts are based on the "same actions or underlying circumstances." As such, the Court may strike the counts if they are identical.  **Whittington v. Isgrig,** 2:13 CV 16 DDN, 2015 WL 1275838, at *2 (E.D. Mo. Mar. 19, 2015)(Dismissing counts that were identical and stated no new facts.).

3.  **Plaintiff failed to properly plead Count III which is also redundant when compared with Counts I and II.**

Count III for constructive fraud does not allege any new or different facts. Just as in Counts I and II, Count III alleges fraud based on: 1) the transfer of $250,000 to the Company; 2) the purchase of the condo with that money; and 3) the recording of the Promissory Note. Count III makes conclusions of law, mimicking the language is §726.105(1)(b), without giving any facts to differentiate between the alleged acts that constitute constructive fraud and those that allegedly constitute actual fraud. Indeed, the only facts supporting Count III are those that have already been repeated in the other Counts and all the facts made in the general allegations which Plaintiff claims apply to all counts.

B. **THE COURT SHOULD GRANT THE COMPANY'S MOTION TO STRIKE PORTIONS OF THE IMPLEADER COMPLAINT BECAUSE IT CONTAINS SCANDELOUS MATTERS THAT HAVE NO RELATIONSHIP TO THE DISPUTE AT ISSUE, CONFUSES THE ISSUES, AND PREJUDICES THECOMPANY.**

A court, acting on its own or after motion by a party, may strike "any redundant, immaterial, impertinent, or scandalous matter" from the pleadings. Fed. R. Civ. P. 12(f). Although Rule 12(f) refers specifically to the striking of "pleadings," the Rule also provides authority for the Court to strike inappropriate matter contained in responses to motions. See **Anderson v. United Parcel Service, Inc.**, 2007 WL 2412831, *1 (S.D. Fla. 2007)(citing Rule 12(f) and striking a response to a motion for attorney's fees and costs where the response accused opposing party's counsel of being "criminals."). Material that is properly within the scope of a motion to strike includes: allegations which have no relationship to the dispute at issue; material which may confuse the issues; and, material that might otherwise prejudice a party. **Quitto v. Bay Colony Golf Club, Inc.**, No. 2:06-cv-286-FtM-23 29DNF, 2006 U.S. Dist. LEXIS 93959, at *1 (M.D. Fla. Dec. 29, 2006).

In this case, the Company respectfully requests this Court strike paragraphs 13 and 15 of the Amended Impleader Complaint. The allegations are outlandish and have no relationship to the dispute at issue, which pertains to piercing the Company's corporate veil to collect on a judgment. Even more, the allegations confuse the issues and prejudice the Company. The Plaintiff is attempting to create this narrative that everything associated with Mr. Maroun and the Company is prima facie fraudulent and deceitful. Such opinions should be made during a closing argument at a jury trial, not in a Complaint that requires the filing of an Answer by the Company. The Plaintiff's allegations are inappropriate, unprofessional, and should be stricken from the record.

9

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Impleader Complaint should be dismissed, and/or the Implead Defendant's Motion to Strike should be granted.

**WHEREFORE**, Impleaded Defendant, Maroun's International, LLC respectfully requests that this Court grant its Motion to Dismiss, or in the alternative grant its Motion to Strike, and for such other relief this Court deems just and proper.

Respectfully Submitted,

By: **/s/ Sam Y. Badawi, Esquire**
SAM Y. BADAWI, ESQUIRE
(FBN: 120218)
BADAWI LAW
14505 University Point Plaice
Tampa, Florida 33613
Phone: (813) 508-8808
Fax: (813) 644-7152
Primary: Sam@badawilaw.com
Secondary: Admin@badawilaw.com
Attorney for Impleaded Defendant

## CERTIFICATE OF *SERVICE*

I hereby certify that on June 27, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will also send a notice of electronic filing to Edward Saadi, Esq., and all counsel of record.