UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD T. SAADI,

        Plaintiff,

v.                                                  Case No. 8:07-cv-1976-T-24 MAP

PIERRE A. MAROUN, ET AL.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Impleaded Defendant Maroun International, LLC's ("MILLC") Motion to Dismiss or Strike (Doc. No. 418), which Plaintiff opposes (Doc. No. 419), and to which the parties filed reply briefs (Doc. No. 425, 430); and (2) Plaintiff's Motion to Extend Lis Pendens (Doc. No. 420), which MILLC opposes (Doc. No. 423), to which Plaintiff filed a reply brief (Doc. No. 429). These motions were referred to Magistrate Judge Sneed, who issued a Report and Recommendation, in which she recommends: (1) granting the motion to extend the lis pendens; (2) granting in part the motion to dismiss and strike; and (3) allowing Plaintiff leave to amend. (Doc. No. 431).

All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff filed a partial objection (Doc. No. 432), to which MILLC filed a response (Doc. No. 433).[1] Upon consideration of the parties' briefing of the motions, the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted in part, as explained below.

---

[1] Plaintiff seeks leave to file a reply brief. (Doc. No. 434). The Court finds that a reply is not necessary and denies the motion.

**I. Background**

Plaintiff Edward Saadi obtained a judgment against Defendant Pierre Maroun in October of 2009 for $90,000. Plaintiff has been attempting to collect on that judgment for over ten years. Plaintiff contends that Maroun has fraudulently transferred funds to MILLC, which were used to purchase a condominium. On November 7, 2018, Plaintiff filed a notice of lis pendens against the condominium.

In early 2019, Plaintiff initiated proceedings supplementary, impleaded MILLC into this action, and filed an interpleader complaint against MILLC. That interpleader complaint was dismissed without prejudice, and Plaintiff was granted leave to file an amended interpleader complaint. Plaintiff asserts four claims against MILLC in his amended interpleader complaint: (1) Count I - fraudulent transfer pursuant to Florida Statute § 56.29(3)(b);[2] (2) Count II - fraudulent transfer – actual fraud pursuant to Florida Statute § 726.101 *et seq.*; (3) Count III - fraudulent transfer – constructive fraud pursuant to Florida Statute § 726.101 *et seq.*; and (4) Count IV - alter ego/reverse piercing of MILLC's corporate veil. (Doc. No. 416). In response, MILLC filed the instant motion to dismiss or strike. Plaintiff has filed a motion to extend the lis pendens on the condominium.

**II. Motion to Extend Lis Pendens**

Plaintiff asks the Court to extend the lis pendens on MILLC's condominium. The Magistrate Judge recommended granting the motion, and MILLC did not file an objection to that recommendation. Accordingly, the Court grants the motion and will extend the lis pendens until the conclusion of these supplementary proceedings.

---

[2] In his response brief, Plaintiff acknowledges that his claim in Count I is brought pursuant to Florida Statute § 56.29(3)(b). (Doc. No. 419, p. 9; Doc. No. 431, p. 12).

### III. Motion to Dismiss or Strike

MILLC moves the Court to dismiss Plaintiff's amended interpleader complaint or to strike certain portions of it. The Magistrate Judge recommended that the Court grant the motion to the extent that the Court dismiss Count IV (alter ego/reverse piercing) without prejudice and grant Plaintiff leave to amend. The Magistrate Judge also recommended striking Plaintiff's request for a money judgement, attorneys' fees, and costs asserted in connection with Plaintiff's claim of fraudulent transfer pursuant to Florida Statute § 56.29(3)(b) (Count I). Additionally, the Magistrate Judge recommended denying MILLC's request to dismiss Plaintiff's complaint based on MILLC's statute of limitations arguments, but she concluded that the limitations periods set forth in Florida Statute § 726.110 apply to Plaintiff's claims of fraudulent transfer brought in Counts II and III pursuant to Florida Statute § 726.101 *et seq.* (known as Florida's Uniform Fraudulent Transfer Act, or "FUFTA").

Plaintiff has objected to the Magistrate Judge's Report and Recommendation on two grounds: (1) he argues that the Magistrate Judge erred in concluding that the limitations periods set forth in Florida Statute § 726.110 apply to his fraudulent transfer claims in Counts II and III brought pursuant to FUFTA; and (2) he argues that his request for a money judgment asserted in connection with his claim of fraudulent transfer brought in Count I pursuant to Florida Statute § 56.29(3)(b) should not be stricken. As explained below, the Court overrules Plaintiff's objection as to the limitations periods to be applied to his fraudulent transfer claims brought pursuant to FUFTA, and the Court sustains his objection as to his contention that he may pursue a money judgment in connection with his claim of fraudulent transfer pursuant to Florida Statute § 56.29(3)(b).

**A. Limitations Period**

Plaintiff argues that the Magistrate Judge erred in concluding that the limitations periods set forth in Florida Statute § 726.110 apply to his fraudulent transfer claims in Counts II and III brought pursuant to FUFTA (Florida Statute § 726.101 *et seq.*). In support of his contention, Plaintiff cites to Biel Reo, LLC v. Barefoot Cottages Development Company, LLC, 156 So. 3d 506 (Fla. 1st DCA 2014).

In Biel Rio, the judgment creditor initiated proceedings supplementary in order to assert a fraudulent transfer claim pursuant to Florida Statute § 56.29.[3] See id. at 509. The defendants argued that FUFTA's shorter limitations period applied to such a claim, and the trial court agreed. See id. At 509-10. The appellate court rejected the defendants' argument and reversed the trial court, finding that claims asserted pursuant to Florida Statute § 56.29 could be brought during the life of the judgment, and therefore, FUFTA's shorter limitations period did not apply to such claims. See id. at 510-11.

MILLC's reliance on Biel Rio is misplaced for two reasons. First, Biel Rio, by its own terms, addresses only claims brought pursuant to Florida Statute § 56.29, such as Plaintiff's claim in Count I of the interpleader complaint. The Magistrate Judge correctly found that FUFTA's shorter limitations period did not apply to that claim.

Second, the Biel Rio court specifically stated that it was not addressing the 2014 amendment to Florida Statute § 56.29(5), which addressed FUFTA claims. See id. at 509 n.3. The 2014 amendment added the following language to Florida Statute § 56.29(5):

> The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment,

---

[3] The judgment creditor brought its fraudulent transfer claim pursuant to Florida Statute § 56.29(6), which has since been renumbered and now appears at § 56.29(3)(b). See Biel Reo, 156 So. 3d at 510 n.5; Fla. Stat. § 56.29(3)(b) (effective 7/1/16).

4

> including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 [FUFTA] are subject to the provisions of chapter 726 and applicable rules of civil procedure.

FL LEGIS 2014-182, 2014 Fla. Sess. Law Serv. Ch. 2014-182 (C.S.S.B. 828) (WEST). In the instant case, the Magistrate Judge agreed with MILLC that this additional language supports the contention that claims brought under FUFTA in proceedings supplementary are governed by FUFTA's shorter limitations periods set forth in Florida Statute § 726.110.

Accordingly, because this Court agrees that Biel Rio does not address claims brought under FUFTA, the Court agrees with the Magistrate Judge's conclusion that the shorter limitations periods set forth in FUFTA apply to Plaintiff's FUFTA claims in Counts II and III. Therefore, the Court overrules Plaintiff's objection to this portion of the Magistrate Judge's Report and Recommendation.

This Court finds it important to comment on an issue not raised by the parties. In Counts II and III, Plaintiff simply states in his amended interpleader complaint that these claims are brought pursuant to Florida Statute § 726.101 *et seq.* Count II is for actual fraud, so it is clear that this claim is brought pursuant to Florida Statute § 726.105(1)(a). However, Count III is for constructive fraud, and it is not clear whether this claim is brought pursuant to Florida Statute § 726.105(1)(b), Florida Statute § 726.106(1), or Florida Statute § 726.106(2). These different provisions have different limitations periods under Florida Statute § 726.110, so the identification of the specific provision upon which the claim of constructive fraud is being brought is important. Therefore, when amending the interpleader complaint, Plaintiff is directed to identify the specific provision of FUFTA that he is pursuing for each claim.

**B. Money Judgment**

Next, Plaintiff argues that his request for a money judgment asserted in connection with his claim of fraudulent transfer brought in Count I pursuant to Florida Statute § 56.29(3)(b) should not be stricken. Florida Statute § 56.29 is not a model of clarity, and the case law has not furnished sufficient clarification about the different provisions contained therein. The relevant provisions are set forth below:

> (1) When any judgment creditor holds an unsatisfied judgment . . ., the judgment creditor may file a motion and an affidavit so stating, . . . and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.
>
> (2) . . . Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear. The Notice to Appear shall direct such person to file an affidavit . . . stating why the property, debt, or other obligation should not be applied to satisfy the judgment. . . .
>
> (3)(a) When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which . . . any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.
>
> (b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. . . .
>
> \*   \*   \*
>
> (6) The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to

> execution, and including entry of money judgments . . . against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity . . . .
>
> * * *
>
> (9) The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 [FUFTA] and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. . . .

Fla. Stat. § 56.29.

MILLC argues that Plaintiff's request for a money judgment in connection with his claim under Florida Statute § 56.29(3)(b) should be stricken, because the only available remedy for such a claim is the court voiding the transfer. In support of this argument, MILLC cites to the case of In re: British American Insurance Company, Limited, 607 B.R. 753 (Bankr. S.D. Fla. 2019). The court in the British American case stated the following:

> Subsection (3)(b) provides a narrowly tailored substantive claim based in fraudulent transfer, independent of Florida's primary fraudulent transfer statute contained in chapter 726 [FUFTA]. Where a judgment debtor has transferred personal property in an effort to delay, hinder, or defraud creditors, the court may declare the transfer void and direct the sheriff to take the property. Subsection (3)(b) does not provide any basis for an award of money damages.[1] The relief is limited to avoiding transfers of personal property, making the property available for satisfaction of the judgment. Based on the text of the statute, the personal property must be the same property that the judgment debtor transferred and must be something identifiable that the sheriff may seize.

Id. at 757. In the footnote to the above quoted analysis, the court stated the following, in pertinent part:

> In a related matter, [the judgment creditor] argued that Fla. Stat. § 56.29(6) authorizes this Court to enter a money judgment based on a claim under subsection (3)(b). This interpretation is contrary to the text of section 56.29 taken as a whole. . . . The relief authorized in subsection (6) is the relief that may be obtained from a proceeding

7

> relying on subsection (2). . . . In other words, the power to enter money judgments under subsection (6) is limited to claims aimed at recovery of property of the judgment debtor held by another and property payable to the judgment debtor. The power to enter money judgments under subsection (6) does not extend to relief sought under subsection (3)(b). To the contrary, subsection (3)(b) specifically limits the available relief to turnover of the fraudulently transferred personal property to the sheriff.

Id. at 757 n.1.

This Court is not persuaded by the British American court's analysis set forth above. There is nothing in the text of Florida Statute § 56.29 that *limits* the power to enter money judgments set forth in Florida Statute § 56.29(6) to *claims other than* those pursued under Florida Statute § 56.29(3)(b). In fact, in his objection to the Magistrate Judge's Report and Recommendation, Plaintiff cites to a case in which the court entered money judgments in connection with the creditor's (Regions Bank) fraudulent transfer claims brought pursuant to Florida Statute § 56.29(3). See In re McCuan, 603 B.R. 829, 848 & 848 n.113 (Bankr. M.D. Fla. 2019)(stating that the transfers were avoidable under Florida Statute § 56.29(3) and that the transferred asserts were subject to execution to satisfy the debt; citing to both Florida Statute § 56.29(3) & (6)).

MILLC argues that the only reason that money judgments were entered in McCuan is because money was the property that was fraudulently transferred, so a money judgment was equivalent to voiding the transfer. However, in McCuan, the court considered entering a money judgment against the debtor's wife (who no longer had the money, as the account it was held in had been closed and the money transferred yet again), but the court ultimately declined to do so based on principles of equity and fairness, since the wife was an innocent bystander that never really had any control over the account into which the money had been initially transferred. See

8

id. at 846-48. Had the McCuan court entered a money judgment against the debtor's wife, the court would not have simply been voiding the transfer, as the wife no longer had the money.

For the reasons stated above, and because Florida Statute § 56.29 should be liberally construed,[4] the Court concludes that Plaintiff may seek a money judgment in connection with his fraudulent transfer claim set forth in Count I. Accordingly, the Court sustains Plaintiff's objection on this issue.

## IV. Conclusion

Based on the above, it is now ORDERED AND ADJUDGED that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 431) is adopted and incorporated by reference in this Order of the Court, except to the extent that she recommends striking Plaintiff's request for a money judgment in Count I.

(2) Plaintiff's Motion to Extend Lis Pendens (Doc. No. 420) is **GRANTED**. The lis pendens on the property at 500 N. Osceola Ave., Unit 102, Clearwater, FL 33755 (Doc. No. 368) is extended until the conclusion of these proceedings supplementary.

(3) MILLC's Motion to Dismiss or Strike (Doc. No. 418) is **GRANTED IN PART AND DENIED IN PART:** The motion is **GRANTED** to the extent that: (a) the Court strikes Plaintiff's demand for fees and costs against MILLC in Count I; and (b) the Court dismisses Count IV without prejudice. Otherwise, the motion is **DENIED**.

(4) Plaintiff is granted leave to file a second amended interpleader complaint by *March 10, 2020.*

---

[4] "The statute governing proceedings supplementary is 'equitable in nature and should be liberally construed.'" Longo v. Associated Limousine Services, Inc., 236 So.3d 1115, 1118 (Fla. 4th DCA 2018)(quoting Mejia v. Ruiz, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008)).

DONE AND ORDERED at Tampa, Florida, this 18th day of February, 2020.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Julie S. Sneed